IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE:<br><br>GMS SUNSET, LLC,<br><br>        Debtor. | )<br>)<br>)<br>)  Bankruptcy No.  25-11181-BFK<br>)<br>)<br>)  CHAPTER 11<br>)<br>) |

RESPONSE TO OBJECTION TO CLAIM

The United States of America, by counsel and for its U.S. Department of Treasury, Internal Revenue Service, responds to the numbered paragraphs of Debtor's "Objection to Proof of Claim No. 2 filed by Internal Revenue Service" (Dkt 13) as follows:

1. Admit.

2. Deny.

3. Admits that the Debtor GMS SUNSET, LLC is a passthrough entity; denies the remainder of the allegations contained in paragraph 3.

4. Admits.

In further response, the United States states as follows:

5. The Debtor is a partnership for federal income tax purposes. As such, the partnership's income and losses pass through to its partners. *See* 26 U.S.C. §§ 701-702. The partners then report the income or losses on their own income tax returns. *Id.*

Robert P. McIntosh
Assistant United States Attorney
Virginia State Bar No. 66113
600 East Main Street, Suite 1800
Richmond, VA  23219
Telephone: (804) 819-5400
Facsimile: (804) 819-7417
E-Mail: Robert.McIntosh@usdoj.gov
Counsel for the Small Business Administration

6.      The Debtor is required to file a partnership return showing its income or losses. 26 U.S.C. § 6031(a). The partnership then reports to each partner their allocable share of the income or losses on a Schedule K-1. *See* 26 U.S.C. § 6031(b). As a result, any delay in filing the partnership return did not affect one taxpayer, but each of its partners' returns.

7.      The IRS assessed a penalties against the debtor for failing to timely file its partnership return under 26 U.S.C § 6698 for the following tax years: 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021. Proof of Claim 2-1 accurately sets forth the balance due on such assessments as of the date the petition was filed.

8.      The debtor has failed to file partnership tax returns for the years 2022, 2023, and 2024. Debtor's statement of financial affairs in its current and prior bankruptcy cases show that it had income from January 1, 2021, through December 31, 2024. *See* Case 23-11315-KHK, Dkt 24-1 at ECF 6, ¶ 1; Case 25-11181-BFK, Dkt 19 at ECF 19, ¶ 1. Under the Internal Revenue Code, the debtor is liable for penalties for failing to timely file its partnership returns. Under 26 U.S.C § 6698, the penalty is calculated by taking the number of partners multiplied by the number of months the return was late, multiplied by a specific dollar amount that changes each year. 26 U.S.C. § 6698(b). The Debtor has not filed its returns on time since 2011.

9.      The Debtor asserts a partnership does not owe income tax. While its income generally is taxed at the partner level, the statute provides that the "partnership shall be liable for a penalty" and the penalty is assessed against the partnership, not the partners. 26 U.S.C. § 6698(a), (c).

10. Debtor's failure to file income tax returns constitutes "cause" for dismissal of its bankruptcy case. *See, e.g.,* 11 U.S.C. §§ 1112(b)(4(I); *In re AHF Dev., Ltd.*, 462 B.R. 186, 190 (Bankr. N.D. Tex. 2011) (citing failure to file prepetition tax returns as a basis for dismissal); *In re Dr. R.C. Samanta Roy Inst. of Sci. Tech. Inc.*, 465 F. App'x 93, 98 (3rd Cir. 2011).[1]

WHEREFORE, the United States requests that Debtor's Objection be DENIED.

Dated: July 21, 2025.

                                    Respectfully submitted,

                                    ERIK S. SIEBERT
                                  United States Attorney

By:   /s/ Robert P. McIntosh
            Robert P. McIntosh
            Assistant United States Attorney

---

[1] "[Subsection 1112(b)(4)(I)] provides that *failure to file a tax return* or pay taxes post-petition *can be a ground for dismissal. Pre-petition tax-filing conduct was not irrelevant to the Court's inquiry.* The Court found also that Debtors had failed to file any tax returns post-petition. Indeed, *Debtors had not filed any returns 'since 2004, including the return for 2008 which was due after the Petition Date.'* Debtors' rebuttal is obvious: SIST, as a non-profit, does not owe taxes and filed an extension for the 2008 return. However, *Debtors failed to produce any evidence of the extension or even to mention it to the Bankruptcy Court*. Further, *they had a legal obligation to file returns even if no taxes were due between 2004 and 2008.* They produced no justification for their failure to do so nor evidence that this omission would be cured in a reasonable time. Because the Court found cause to dismiss, Debtors had the burden of demonstrating that there was "a reasonable justification for [their] . . . omission . . . that [would] be cured in a reasonable period of time.'"

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Response to Objection to Claim have this <u>July 21, 2025</u>, been placed in the United States mail, first class, postage prepaid, and properly addressed to the following:

> W. Clarkson McDow, Jr.
> Office of the U.S. Trustee
> 115 South Union Street
> Alexandria, VA 22314-3317

I further certify that copies of the foregoing Motion, Notice and proposed Order will be served this <u>July 21, 2025</u>, via the ECF e-mail notification system to the following persons at their e-mail addresses of record:

> Daniel M. Press
> Email: dpress@chung-press.com

/s/Robert P. McIntosh
Robert P. McIntosh
Assistant U.S. Attorney