Matthew W. Cheney
Acting United States Trustee
For Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314
Jack Frankel, Attorney, VSB #15019
(703) 557-7229
Email: jack.i.frankel@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: | |
| GMS Sunset LLC, | Case No. 25-11181-BFK |
| Debtor. | Chapter 11 |

**Motion to Dismiss or Convert Case to Chapter 7**

Comes Now. Matthew W. Cheney, Acting United States Trustee for Region 4, by counsel, and moves this Court to convert this Chapter 11 case to Chapter 7 or dismiss this case, whichever is in the best interests of the creditors and the estate.

*Summary*

*This case is a two-party dispute.  The case was filed in bad faith.  It is the Debtor's second filing and was filed to thwart the foreclosure process.[1]  The case does not belong in bankruptcy.*

In support of this motion the following representations are made:

1.      The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.  Order of Reference, August 15, 1984.

2.      This is a core matter.  28 U.S.C. § 157(b)(2)(A).

---

[1] On information and belief, Business Finance Group held a foreclosure in which GMS Sunset was the highest bidder, but the process was not completed and GMS Sunset forfeited its deposit.  Business Finance Group initiated a second foreclosure, but the Debtor filed for bankruptcy on June, 11, 2025.  341 Meeting of Creditors, August 7, 2025.

1

3. On August 17, 2023, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, Case Number 23-11315-KHK. Docket No. 1, Case No. 23-11315-KHK.

4. The Debtor's business was described as single-asset real estate as defined in 11 U.S.C. §101(51B). Docket No. 1, page 2, Case No. 23-11315-KHK.

5. On November 17, 2023, the U.S. Trustee filed a motion to convert or dismiss for failure of the Debtor to file monthly operating reports for August and September 2023 and failure to pay fees for the third quarter of 2023. Doc. No. 34, Case No. 23-11315-KHK. The Debtor cured these deficiencies and the motion was withdrawn in open court on December 19, 2023.

6. On September 13, 2024, the U.S. Trustee filed a second motion to convert or dismiss as the Debtor had been unable to confirm a plan of reorganization for over a year due to lack of ability to refinance. Doc. No. 93, Case No. 23-11315-KHK.

7. On November 21, 2024, the Court entered an order dismissing this case with prejudice to refile for ninety (90) days. Docket No. 100, Case No. 23-11315-KHK.

8. On April 10, 2024, B&C Family, LLC, a related entity owned by George Cholakis, Maria Cholakis and Steve Bilidas, filed a chapter 11 bankruptcy petition to stop a foreclosure sale initiated by Atlantic Union Bank. See Case No. 24-10685-KHK.[2] On November 12, 2024, a Final Order on Motion to Dismiss was entered as the Debtor made full payment upon the claim of Atlantic Union Bank.

9. On July 30, 2024, Steven Bilidas, the Debtor's managing member and debtor designee, individually filed a chapter 13 bankruptcy petition to stop a pending foreclosure on his

---

[2] B&C Family, LLC previously filed a chapter 11 bankruptcy petition on December 13, 2023, Case No. 23-12036-BFK. On February 28, 2024, this Court entered an order dismissing this case.

current residence. See Chapter 13 Trustee's Motion to Dismiss, Case No. 24-11396-BFK, Doc. No. 15. On October 22, 2024, this Court entered an Order of Dismissal with Prejudice.[3]

10. On June 11, 2025, the Debtor filed the present case. Docket No. 1.

11. The Debtor's business was described as single-asset real estate as defined in 11 U.S.C. § 101(51B). Docket No. 1.

12. The Debtor owns one piece of real property located in Herndon, Virginia, valued at $1,500,000. Docket No. 19, page 7, Schedule A/B: Assets – Real and Personal Property. The Debtor owns one piece of commercial real estate ("Property") located at 294 Sunset Park Drive, Units 11 and 12, Herndon, Virginia 20170. The Property is security for a first deed of trust held by Business Finance Group, Inc. The Property is leased to the Amphora Bakery.[4]

13. The Debtor valued its personal property at $70,327. Docket No. 19, page 1, Summary of Assets and Liabilities for Non-Individuals.

14. The Debtor's personal property consists of $127 on bank deposit and $70,200 in accounts receivable over 90 days old. Docket No. 19, pages 2-3, Schedule A-B: Assets – Real and Personal Property.

15. The Debtor had no income from January 1, 2025 to the petition date. The Debtor had $24,000 in income in 2024. Docket No. 19, page 19, Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy. This amount matches the monthly operating reports in the prior case for January 2024 through July 2024, indicating that the Debtor had no income or receipts for August through December of 2024.

---

[3] Mr. Bilidas previously filed a chapter 13 bankruptcy petition on April 26, 2023, Case No. 23-10690-BFK. That case was dismissed on July 11, 2023. Denise Bilidas, his wife, filed a separate chapter 13 case on October 16, 2023, Case No. 23-11680-BFK, which is still pending.

[4] The Debtor and the Amphora Bakery are both owned by George Cholakis.

3

16. At the 341 meeting of creditors on August 7, 2025, the debtor's representative, Steve Bilidas, stated that the bankruptcy was filed to "stop a foreclosure". The current bankruptcy is primarily a two-party dispute between the Debtor and the secured lender Business Financial Group, Inc., with the only other creditors being tax debts and condo fees.

17. The Debtor listed four creditors who have secured claims: Business Finance Group, Inc., $204,895; County of Fairfax, VA, $35,126; Sunset Business Park Condo Assn, $18,923; Town of Herndon, VA, unknown amount. Docket No. 19, page 10, Schedule D: Creditors Who Have Claims Secured by Property.

18. The Debtor listed no creditors with priority unsecured claims. Docket No. 19, page 19, Schedule E/F: Creditors Who Have Unsecured Claims.

19. The Debtor listed two creditors with nonpriority unsecured claims, Internal Revenue Service, "undetermined" amount of claim, and the Virginia Department of Taxation, "unknown" amount of claim. Docket No. 19, page 14, Schedule: E/F Creditors Who Have Unsecured Claims.

20. The Virginia Department of Taxation filed a claim for $10,858, and the Internal Revenue Service filed a claim for $109,243.[5] Claims Register.

21. At the time of filing this Motion, the Debtor has failed to file monthly operating reports for the months of June and July 2025.

22. The Debtor has also failed to pay the fees due to the U.S. Trustee's office in the estimated amount of $250.00 for the second quarter of 2025 as of the date of the filing of this

---

[5] The Debtor filed an objection to the IRS's claim, stating that the Debtor "is a passthrough entity and should not have an independent tax liability." Docket No. 13, page 2, ¶ 3. The Internal Revenue Service, responded, stating in part, "The debtor has failed to file partnership tax returns for the years 2022, 2023, and 2024. … Under the Internal Revenue Code, the debtor is liable for penalties for failing to timely file its partnership returns." Docket No. 22, page 2, ¶ 8.

Motion. The fee was due July 31, 2025. This amount could be higher based on disbursement amounts listed in the delinquent monthly operating report mentioned above.

### Argument

This case is a two-party dispute. It is well-settled that two-party disputes do not belong in bankruptcy. The Debtor has virtually no cash, no current accounts receivable, no employees, no income for the year the bankruptcy was filed, one major asset, and one major secured creditor. The case was filed to thwart foreclosure proceedings.

The case was filed in bad faith and should be dismissed or converted. As one court stated:

> Determining bad faith is a fact intensive inquiry which involves a review of the following factors:
>
> 1. The debtor has one asset;
> 2. Secured creditors' liens encumber the asset;
> 3. There are generally no employees except for the principals and there is no ongoing business activity;
> 4. The debtor has little or no cash flow and no available sources of income to sustain a plan of reorganization or make adequate protection payments;
> 5. There are few, if any, unsecured creditors whose claims are relatively small;
> 6. There are allegations of wrongdoing by the debtor or its principals;
> 7. The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of secured creditors to enforce their rights;
> 8. The debtor is afflicted with the "new debtor's syndrome" in which a one asset entity is credited or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors;
> 9. There is no realistic possibility of reorganization of the debtor's business;
> 10. The reorganization essentially involves a two-party dispute; and
> 11. Bankruptcy offers the only possibility of forestalling loss of the property.

*In re Long Bay Dunes Homeowners Ass'n, Inc.*, 246 B.R. 801, 805 (Bankr. D.S.C. 1999) (cleaned up). This case meets most of the items in the above list. The Debtor has a single asset which is encumbered by the lien of Business Finance Group. The Debtor has no employees and has had no

5

income for all of 2025. There are only two unsecured creditors, both tax claims. The Debtor stated that the bankruptcy was filed to stop a foreclosure. There is no income, and the Debtor has been unable to find refinancing for over a year with no plan of reorganization being confirmed; therefore, there is no realistic possibility of reorganization. The bankruptcy is primarily a two-party dispute with Business Finance Group, the secured lender. Finally, the bankruptcy was filed to forestall the foreclosure and therefore the loss of its property.

More importantly, evidencing an abuse of the bankruptcy process, is that this is the Debtor's second filing. The first case was dismissed with prejudice to refiling for 90 days. The Debtor does not come into bankruptcy with "clean hands." *Mas v. Coca-Cola Co.*, 163 F.2d 505, 511 (4th Cir. 1947) ("[T]he application of the clean hands doctrine is a matter resting in the sound discretion of the court, which is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.") (cleaned up).

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor has failed to file monthly operating reports for June and July 2025. Failure to file these reports is grounds for conversion or dismissal of the case.

Another reason to dismiss or convert this case is that pursuant to 11 U.S.C. § 1112(b)(4)(K), cause to dismiss or convert a case exists where there is "failure to pay any fees or charges required under chapter 123 of title 28". The Debtor is past due paying Chapter 11 fees for the 2nd quarter of 2025. The minimum fee is $250, and the fee could be greater depending upon the disbursements made in the quarter.

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under Chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the Acting United States Trustee respectfully requests that this Court enter an order converting this case to a case under Chapter 7 of the Bankruptcy Code or dismissing the case.

Dated:  September 5, 2025                                      Matthew W. Cheney
                                                                                   Acting United States Trustee, Region 4

                                                                                   */s/ Jack Frankel*
                                                                                   Jack Frankel, Attorney
                                                                                   Va. Bar No. 15019
                                                                                   Office of United States Trustee
                                                                                   1725 Duke Street, Suite 650
                                                                                   Alexandria, VA 22314
                                                                                   (703) 557-7229
                                                                                   Jack.i.frankel@usdoj.gov

**Certificate of Service**

      I hereby certify that on September 5, 2025, I electronically filed the foregoing motion with the Clerk of the Court and transmitted a true and correct copy of said document electronically through the electronic case filing system or by first class United States mail, postage prepaid to the following:

GMS Sunset LLC
1141 Elden Street, Suite 224
Herndon, VA 20170

Matthew W. Cheney ustpregion04.ax.ecf@usdoj.gov

Richard Ashford DuBose, III rdubo@gebsmith.com, dfont@gebsmith.com

Jack Frankel jack.i.frankel@usdoj.gov,
USTPRegion04.ax.ecf@usdoj.gov;Robert.W.Ours@usdoj.gov

Robert P. McIntosh Robert.McIntosh@usdoj.gov,
USAVAE.RIC.ECF.CIVIL@usdoj.gov;Ramona.ONeil@usdoj.gov;CaseView.ECF@usdoj.gov

Daniel M. Press dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email

                                            */s/ Robert W. Ours*
                                            Robert W. Ours
                                            Paralegal Specialist