# EXHIBIT B

Standalone Cover Sheet Version 1.0

Page 1 of 1

# Fairfax County Land Records
# Cover Sheet - GMS

Instrument(s)
TRUST
Grantor(s)
GMS SUNSET LLC _F_N
Grantee(s)
FUJII, STANLEY Y TR _I_T; VIRGINIA ASSET FINANCING CORP _F_N

| Consideration | 469000 | | Consideration % | 100 | |
|---|---|---|---|---|---|
| Tax Exemption | None | | Amount Not Taxed | | |
| DEM Number | | | Tax Map Number | 017-3-0/09/00/0011 | |
| Original Book | | | Original Page | | |
| Title Company | WALKER TITLE | | | Title Case | W0402224 |
| Property Descr. | SUNSET BUSINESS CONDO UNITS 11 AND 12 | | | | |
| Certified | No | Copies | 0 | Page Range | |





file://C:\FXCover\DHTMLProject_BARCODE_FORM.htm

14

9/8/2004

# DEED OF TRUST
(Participation)

THIS DEED OF TRUST, made this 8th day of September, 2004, by and between GMS SUNSET LLC, a Virginia limited liability company, hereinafter referred to as "Grantor," whose address for notices is 123 Lewis Street, Vienna, Virginia 22180, STANLEY Y. FUJII, a resident of Fairfax County, Virginia, hereinafter referred to as "Trustee," whose address for notices is 1110 Vermont Avenue, #900, Washington, D.C. 20005, hereinafter referred to as "Trustee," VIRGINIA ASSET FINANCING CORPORATION, hereinafter referred to as "Beneficiary," who maintains an office and place of business at 4165 Chain Bridge Road, Fairfax, Virginia 22030 in participation with the SMALL BUSINESS ADMINISTRATION, an agency of the United States, Assignee.

WITNESSETH, that for and in consideration of $1.00 and other good and valuable consideration, receipt of which is hereby acknowledged, the Grantor does hereby bargain, sell, grant, assign, and convey unto the Trustee, his successors and assigns, all of the following described property situated and being in the County of Fairfax, State of Virginia, as more particularly described in Exhibit "A" attached hereto and made a part hereof.

Property Address:   294 and 276 Sunset Park Drive, Unit 11, Herndon, Virginia 20170

Together with and including all buildings, all fixtures, including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the Grantor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, and the rents, issues, and profits of the above described property. To have and to hold the same unto the Trustee, and the successors in interest of the Trustee, forever, in fee simple or such other estate, if any, as is stated herein trust, to secure the payment of a promissory note of this date, in the principal sum of Four Hundred Sixty Nine Thousand and 00/100 Dollars ($469,000.00), which matures on October 1, 2024, and is signed by Amphora Bakery, Inc., a Virginia corporation and

signed by Grantor

in behalf of itself.

SBA Form 930 (3-87) Ref SOP 50 10 Previous Editions Obsolete      (1)

Grantor: GMS SUNSET LLC
DateTime: 09/10/2004 13:32:45
Book/Page: 16490/1808
Recorded in FAIRFAX COUNTY CIRCUIT COURT
TESTE: JOHN T. FREY
Grantee: FUJII, STANLEY Y
Instrument: 200403691S.029
# of Pages: 9

1. This conveyance is made upon and subject to the further trust that the said Grantor shall remain in quiet and peaceable possession of the above granted and described premises and take the profits thereof to his own use until default be made in any payment of an installment due on said note or in the performance of any of the covenants or conditions contained therein or in this Deed of Trust; and, also to secure the reimbursement of the Beneficiary or any other holder of said note, the Trustee or any substitute trustee of any and all costs and expenses incurred, including reasonable attorney's fees, on account of any litigation which may arise with respect to this Trust or with respect to the indebtedness evidenced by said note, the protection and maintenance of the property hereinabove described or in obtaining possession of said property after any sale which may be made as hereinafter provided.

2. Upon the full payment of the indebtedness evidenced by said note and the interest thereon, the payment of all other sums herein provided for, the repayment of all monies advanced or expended pursuant to said note or this instrument, and upon the payment of all other proper costs, charges, commissions, and expenses, the above described property shall be released and reconveyed to and at the cost of the Grantor.

3. Upon default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby, the Beneficiary or his assigns may without notice and without regard to the adequacy of security for the indebtedness secured, either personally or by attorney or agent without bringing any action or proceeding, or by a receiver to be appointed by the court, enter upon and take possession of said property or any part thereof, and do any acts which Beneficiary deems proper to protect the security hereof, and either with or without taking possession of said property, collect and receive the rents, royalties, issues, and profits thereof, including rents accrued and unpaid, and apply the same, less costs of operation and collection, upon the indebtedness secured by this Deed of Trust, said rents, royalties, issues, and profits, being hereby assigned to the Beneficiary as further security for the payment of such indebtedness. Exercise of rights under this paragraph shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice but shall be cumulative to any right and remedy to declare a default and to cause notice of default to be recorded as hereinafter provided, and cumulative to any other right and/or remedy hereunder, or provided by law, and may be exercised concurrently or independently. Expenses incurred by Beneficiary hereunder including reasonable attorney's fees shall be secured hereby.

4. The Grantor covenants and agrees that if he shall fail to pay said indebtedness, or any part thereof, when due, or shall fail to perform any covenant or agreement of this instrument or of the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the Beneficiary or assigns, regardless of maturity, and the Beneficiary or assigns may enter upon said property and collect the rents and profits thereof. Upon such default in payment or performance, and before or after such entry, the Trustee, acting in the execution of this Trust, shall have the power to sell said property, and it shall be the Trustee's duty to sell said property (and in case of any default of any purchaser, to resell) at public auction, to the highest bidder, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county or political subdivision in which said property is situated, all other notice being hereby waived by the Grantor (and the Beneficiary or any person on behalf of the Beneficiary may bid and purchase at such sale). Such sale will be held at a suitable place to be selected by the Beneficiary within said county or political subdivision. The Trustee is hereby authorized to execute and deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of default upon which the execution of the power of sale herein granted depends; and the said Grantor hereby constitutes and appoints the Trustee as his agent and attorney in fact to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be binding and conclusive upon the Grantor, and said conveyance shall be effectual to bar all equity or right of redemption, homestead, dower, right of appraisement, and all other rights and exemptions of the Grantor, all of which are hereby expressly waived and conveyed to the Trustee. In the event of a sale as hereinabove provided, the Grantor, or any person in possession under the Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to all other remedies for the collection of said indebtedness. The Beneficiary or Assigns may take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

SBA Form 930 (3-87) Ref SOP 50 10 Previous Editions Obsolete    (2)

5. In the event of a sale as provided in paragraph 4, the Trustee shall be paid a fee by the Beneficiary in an amount not in excess of two percent of the gross amount of said sale or sales, provided, however, that the amount of such fee shall be reasonable and shall be approved by the Beneficiary as to reasonableness. Said fee shall be in addition to the costs and expenses incurred by the Trustee in conducting such sale. The amount of such costs and expenses shall be deducted and paid from the sale's proceeds. It is further agreed that if said property shall be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable fee, in an amount acceptable to the Beneficiary for the services rendered. The Trustee shall also be reimbursed by the Beneficiary for all costs and expenses incurred in connection with the advertising of said property for sale if the sale is not consummated.

6. The proceeds of any sale of said property in accordance with paragraph 4 shall be applied first to payments of fees, costs, and expenses of said sale, the expenses incurred by the Beneficiary for the purpose of protecting or maintaining said property and reasonable attorneys' fees; secondly, to payment of the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

7. In the event said property is sold pursuant to the authorization contained in this instrument or at a judicial foreclosure sale and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the Beneficiary will be entitled to a deficiency judgement for the amount of the deficiency without regard to appraisement, the Grantor having waived and assigned all rights of appraisement to the Trustee.

8. The Grantor covenants and agrees as follows:

   a. He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

   b. He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the Beneficiary.

   c. He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the Beneficiary for the collection of any or all of the indebtedness hereby secured, of such expenses and fees as may be incurred in any foreclosure sale by the Trustee, or court proceedings or in any other litigation or proceeding affecting said property, and attorney's fees reasonably incurred in any other way.

   d. The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said note or any part thereof secured hereby.

   e. He will continuously maintain hazard insurance of such type or types and in such amounts as the Beneficiary may from time to time require, on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to Beneficiary and the policies and renewals thereof shall be held by Beneficiary and have attached thereto loss payable clauses in favor of and in form acceptable to the Beneficiary. In the event of loss, Grantor will give immediate notice in writing to Beneficiary and Beneficiary may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Beneficiary instead of to Grantor and Beneficiary jointly, and the insurance proceeds, or any part thereof, may be applied by Beneficiary at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In the event of a Trustee's sale or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the Grantor in and to any insurance policies than in force shall pass at the option of the Beneficiary to the purchaser or Beneficiary.

   f. He will keep the said premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted, and in the event of the failure of the

SBA Form 930 (3-87) Ref SOP 50 10 Previous Editions Obsolete   (3)

Grantor to keep the buildings on said premises and those to be erected on said premises, or improvements thereon, in good repair, the Beneficiary may make such repairs as in the Beneficiary's discretion it may deem necessary for the proper preservation thereof, and any sums paid for such repairs shall bear interest from the date of payment at the rate specified in the note, shall be due and payable on demand and shall be fully secured by this Deed of Trust.

g. He will not without the prior written consent of the Beneficiary voluntarily create or permit to be created against the property subject to this Deed of Trust any liens inferior or superior to the lien of this Deed of Trust and further that he will keep and maintain the same free from the claim of all persons supplying labor or material which will enter into the construction of any and all buildings now being erected or to be erected on said premises.

h. He will not rent or assign any part of the rent of said property or demolish, remove, or substantially alter any building without the written consent of the beneficiary.

9. In the event the Grantor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged to the property hereinabove described, the Beneficiary is hereby authorized to pay the same and any sum so paid by the Beneficiary shall be added to and become a part of the principal amount of the indebtedness evidenced by said promissory note. If the Grantor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing and executing this Deed of Trust, then this Deed of Trust shall be canceled and surrendered.

10. The Grantor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the lawful claims of all persons whomsoever.

11. For better security of the indebtedness hereby secured the Grantor, upon the request of the Beneficiary, its successors or assigns, shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired after the date hereof (all in form satisfactory to Grantee). Furthermore, should Grantor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, Grantor hereby agrees to permit Beneficiary to cure such default, but Beneficiary is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

12. That all awards of damages in connection with any condemnation for public use of or injury to any of said property are hereby assigned and shall be paid to Beneficiary, who may apply the same to payment of the installments last due under said note, and the Beneficiary is hereby authorized, in the name of the Grantor, to execute and deliver valid acquittances thereof and to appeal from any such award.

13. The irrevocable right to appoint a substitute trustee or trustees is hereby expressly granted to the Beneficiary, his successors or assigns, to be exercised at any time hereafter without notice and without specifying any reason therefor, by filing for record in the office where this instrument is recorded an instrument of appointment. The Grantor and the Trustee herein named or that may hereinafter be substituted hereunder expressly waive notice of the exercise of this right as well as any requirement or application to any court for the removal, appointment or substitution of any trustee hereunder.

14. Notice of the exercise of any option granted herein to the Beneficiary or to the holder of the note secured hereby is not required to be given the Grantor, the Grantor having hereby waived such notice.

15. If more than one person joins in the execution of this instrument as Grantor or if anyone so joined be of the feminine sex, the pronouns and relative words used herein shall be read as if written in the plural or feminine, respectively, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any assignee or transferee thereof whether by operation of law or otherwise. The covenants herein contained shall bind and the rights herein granted or conveyed shall inure to the respective heirs, executors, administrators, successors, and assigns of the parties hereto. SBA Form 930 (3-87) Ref SOP 50 10 Previous Editions Obsolete    (4)

16. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

17. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

18. (a) Neither the Grantor nor third parties shall suffer or permit said property or any portion thereof to be used as a site for the storage, disposal, use, generation or manufacture of any "Hazardous Materials," suffer or permit said property to be contaminated by any Hazardous Materials or transport to or from said property any Hazardous Materials. For the purpose of this Deed of Trust, Hazardous Materials shall include, but not be limited to (1) flammable explosives, radioactive materials, hazardous wastes, toxic substances or related materials, (2) all substances defined as "hazardous substances," "hazardous materials," or "toxic substances" in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, et seq., and the Superfund Amendments and Reauthorization Act ("SARA") thereof; the Hazardous Materials Transportation Act 49 U.S.C. §1901, et seq.; the Toxic Substance Control Act, 15 U.S.C. § 2601, et seq.; or the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, et seq., (3) any similar applicable state or local statute, regulation or ordinance, and (4) any oil based petroleum products subject to regulation pursuant to 42 U.S.C. § 6991 (a), et seq., or applicable state law. The Grantor agrees that in the event said property or any condition existing thereon is ever determined by any court or governmental agency to be in violation of any law, ordinance or regulation which requires correction or clean-up under any law, ordinance or regulation relating to environmental protection, occupational health or safety, public health or safety or public nuisance or menace, the Beneficiary, at its option, but without obligation so to do, may correct such condition or violation and, in doing so, shall conclusively be deemed to be acting reasonably and for the purpose of protecting the value of its collateral. The Beneficiary may charge all costs of correcting such conditions or violations to the Grantor, which amounts shall be due upon demand and secured hereby and shall bear interest from the date expended by the Beneficiary until paid at the rate set forth in the Note.

(b) The Grantor shall indemnify and hold the Beneficiary harmless from all expenses of clean-up, removal and/or correction of a condition or violation as set forth in subparagraph (a) above, occasioned by the discovery of any Hazardous Materials on or off of said property, whether or not any demand for such action is made by any regulatory agency or demand for reimbursement is made for such clean-up or correction as performed by such an agency. The Grantor shall provide notice to the Beneficiary immediately upon the receipt of claims made by any third party, including, without limitation, governmental agencies, against the Grantor or said property because of environmental contamination of said property or any portion thereof. Further, the Grantor shall indemnify and hold the Beneficiary harmless from and against all claims, demands, liabilities, costs and expenses, including, without limiting the generality of the foregoing, attorneys' fees, expert witness fees and all other costs of defense arising from, related to or connected with the generation, manufacture, storage, disposal, use, location, removal and/or transportation of any Hazardous Material to, upon or from said property or the contamination of said property by any Hazardous Material, whether or not such storage, disposal, use, location, transportation or contamination occurred before or after the Grantor acquired or disposes of any interest in said property or was or may be, in whole or in part, the result of any act or omission of any third party.

(c) The provision of this paragraph 18, (1) shall be binding on the Grantor and any guarantor of the indebtedness secured hereby or of the Note and any successor in interest to the Grantor or any such guarantor, jointly and severally, and (2) shall survive and remain enforceable notwithstanding, and shall not merge in or be exonerated by, the execution, delivery or acceptance of any deed in lieu of foreclosure or any trustee's or sheriff's deed upon foreclosure, by payment and satisfaction of the indebtedness secured hereby or by the release, satisfaction and discharge of this Deed of Trust.

19. The Beneficiary acknowledges and agrees its rights hereunder are subject to a first priority deed of trust.

20. NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

SBA Form 930 (3-87) Ref SOP 50 10-Previous Editions Obsolete        (5)

21. The Loan secured by this lien was made under a United States Small Business Administration (SBA)

nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

b) Beneficiary or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

22. Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

IN WITNESS WHEREOF, the Grantor has executed this instrument and the Trustee and Beneficiary have accepted the delivery of this instrument as of the day and year aforesaid.

GRANTOR:

GMS Sunset LLC,
a Virginia limited liability company

By: _____
Name: Steve Bilidas
Title: Member

By: _____
Name: George Cholakis
Title: Member

By: _____
Name: Maria Cholakis
Title: Member

COMMONWEALTH OF VIRGINIA
COUNTY OF Fairfax , to wit:

The foregoing instrument was acknowledged before me on this 8th day of September, 2004, in the jurisdiction aforesaid by Steve Bilidas, a Member of GMS Sunset LLC, a Virginia limited liability company on behalf of the company..

_____
Notary Public

My commission expires: 4/30/06

COMMONWEALTH OF VIRGINIA
COUNTY OF _Fairfax_, to wit:

The foregoing instrument was acknowledged before me on this _8th_ day of _September_, 2004, in the jurisdiction aforesaid by George Cholakis, a Member of GMS Sunset LLC, a Virginia limited liability company on behalf of the company..

_____
Notary Public

My commission expires: _4/30/06_

COMMONWEALTH OF VIRGINIA
COUNTY OF _Fairfax_, to wit:

The foregoing instrument was acknowledged before me on this _8th_ day of _September_, 2004, in the jurisdiction aforesaid by Maria Cholakis, a Member of GMS Sunset LLC, a Virginia limited liability company on behalf of the company.

_____
Notary Public

My commission expires: _4/30/06_

Prepared by/After recording, please return to:
Sevila, Saunders, Huddleston & White, P.C.
30 North King Street
Leesburg, Virginia 20176

(7)

Exhibit A

Units 11 and 12, Sunset Business Condominium, according to a Declaration recorded in Deed Book 5876, page 13, among the land records of Fairfax County, Virginia, and by Amendment to Declaration recorded in Deed Book 14736, page 108, together with an undivided interest in the Condominium Common Elements as defined in the Declaration and the Virginia Condominium Act.

Less and Except from the common area hereof, 1,582 square feet, more or less, conveyed to the Commonwealth of Virginia recorded in Deed Book 7615, page 783, among the land records of said County.

Standalone Cover Sheet Version 1.0   Page 1 of 1

# Fairfax County Land Records
## Cover Sheet - GMS

**Instrument(s)**
ASSIGNMENT OF TRUST
**Grantor(s)**
VIRGINIA ASSET FINANCING CORP _F_N
**Grantee(s)**
US SMALL BUSINESS ADMINISTRATION _F_N

| Consideration | | | Consideration % | 100 | |
|---|---|---|---|---|---|
| Tax Exemption | None | | Amount Not Taxed | | |
| DEM Number | | | Tax Map Number | 017-3-0/09/00/0011 | |
| Original Book | | | Original Page | | |
| Title Company | WALKER TITLE | | | Title Case | W0402224 |
| Property Descr. | SUNSET BUSINESS CONDO UNITS 11 AND 12 | | | | |
| Certified | No | Copies | 0 | Page Range | |





15

file://C:\FXCover\DHTMLProject_BARCODE_FORM.htm   9/8/2004

## ASSIGNMENT OF DEED OF TRUST

THIS ASSIGNMENT OF DEED OF TRUST (the "Assignment") is made this 8th day of September 2004, by and between VIRGINIA ASSET FINANCING CORPORATION, a Virginia corporation, ("Assignor") whose address for notices is 4165 Chain Bridge Road, Fairfax, Virginia 22030, and the U.S. SMALL BUSINESS ADMINISTRATION, an agency of the United States, ("Assignee") whose address for notices is 1110 Vermont Avenue, NW, #900, Washington, DC 20005.

WHEREAS, a certain Deed of Trust was made September 8, 2004, by and between GMS Sunset LLC, a Virginia limited liability company, ("Grantor"), to STANLEY Y. FUJII, ("Trustee"), for the benefit of Assignor in participation with the Assignee, on the property described in the attached Exhibit A (the "Deed of Trust") to secure repayment of a Note in the amount of $469,000.00 made by Grantor and Amphora Bakery, Inc. and payable to Assignor (the "Note"); and

WHEREAS, the Deed of Trust is recorded immediately prior to the recordation of this Assignment among the land records of Fairfax County, Virginia; and

WHEREAS, the Assignor, by endorsement to the Note, has assigned the Note secured by the Deed of Trust to the Assignee; and

WHEREAS, Assignor desires to assign all its right, title and interest in and to the Deed of Trust to the Assignee.

NOW, THEREFORE, in consideration of the foregoing recitals, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby transfers, sets over and assigns unto the Assignee all of its right, title and interest in and to the Deed of Trust.

WITNESS/ATTEST:

VIRGINIA ASSET FINANCING CORPORATION,
a Virginia corporation

Name: D. Wayne Williams
Title: Attestation Clerk

By: Sally B. Robertson (SEAL)
Name: Sally B. Robertson
Title: Executive Director

COMMONWEALTH OF VIRGINIA
CITY OF FAIRFAX, to wit:

The foregoing instrument was acknowledged before me on this 2ND day of September, 2004, in the jurisdiction aforesaid by Sally B. Robertson, as Executive Director of Virginia Asset Financing Corporation, a Virginia corporation, on behalf of the corporation.

Notary Public

My Commission expires: 9/30/06

Prepared by Sevila, Saunders, Huddleston & White, PC

Grantor: VIRGINIA ASSET F
DateTime: 09/10/2004 15:32:45
Book/Page: 16490/1817
Recorded in FAIRFAX COUNTY CIRCUIT COURT

Grantee: US SMALL BUSINESS
Instrument: 2004036813.030
# of Pages: 3

TESTE: JOHN T. FREY

Exhibit A

Units 11 and 12, Sunset Business Condominium, according to a Declaration recorded in Deed Book 5876, page 13, among the land records of Fairfax County, Virginia, and by Amendment to Declaration recorded in Deed Book 14736, page 108, together with an undivided interest in the Condominium Common Elements as defined in the Declaration and the Virginia Condominium Act.

Less and Except from the common area hereof, 1,582 square feet, more or less, conveyed to the Commonwealth of Virginia recorded in Deed Book 7615, page 783, among the land records of said County.

## ASSIGNMENT OF DOCUMENTS

**KNOW ALL MEN BY THESE PRESENTS:**

In consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, U.S. SMALL BUSINESS ADMINISTRATION ("SBA"), an agency and instrumentality of the United States Government ("Assignor"), does hereby assign, transfer and set-over unto Business Finance Group, Inc. (f/k/a Virginia Asset Financing Corporation), Certified Development Corporation ("Assignee"), all of its right, title and interest in and to that certain:

1. Authorization for Debenture Guarantee – dated July 18, 2003 signed by George Cholakis, Member of GMS Sunset LLC and George Cholakis, Maria Cholakis, and Steven G. Bilidas Members of Amphora Bakery Inc. and signed by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group, Inc.), as amended pursuant to CDC 327 Action No. 1 dated March 31, 2004 and approved by the SBA on April 5, 2004, and CDC 327 Action No. 2 dated August 3, 2004 and approved by the SBA on August 4, 2004, and CDC Action No. 3 dated August 9, 2004 and approved by the SBA on August 16, 2004, and CDC Action No. 4 dated August 23, 2004 and approved by SBA on August 24, 2004, and CDC Action No. 5 dated August 30, 2004 and approved by SBA on August 31, 2004

2. SBA form 1505 – 504 Note – dated September 8, 2004 signed by Steven Bilidas, George Cholakis, and Maria Cholakis members of GMS Sunset LLC, and Steve Bilidas, President of Amphora Bakery, Inc., and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

3. SBA Form 148 -Unconditional Guarantee - dated September 8, 2004 signed by Steve Bilidas, individually, and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

4. SBA Form 148 -Unconditional Guarantee - dated September 8, 2004 signed by George Cholakis and Maria Cholakis, individually, and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

5. SBA Form 148 -Unconditional Guarantee -dated September 8, 2004 signed by Steven Bilidas, George Cholakis, and Maria Cholakis general partners of Laconia Partnership, and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

6. SBA Form 148 -Unconditional Guarantee -dated September 8, 2004 signed by Maria Cholakis President of Diner DX, Inc., and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

7. Loan Agreement-dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, Members of GMS Sunset LLC and Steve Bilidas, President of Amphora Bakery, Inc. and by Maria Cholakis as President of Diner DX, Inc. and by Steve Bilidas, George Cholakis and Maria Cholakis as general partners of Laconia Partnership and by Steve Bilidas, individually, and by George Cholakis, individually and by Maria Cholakis, individually and by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

8. Certificate of Insurance & Policies -(a) Casualty, Liability and Worker's Compensation Insurance Certificate issued by Wills of Maryland; and (b)    Standard   Flood   Hazard   Determination showing project property not within Special Flood Hazard Area.

9. SBA Form 1506-Servicing Agent Agreement-dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, Members of GMS Sunset, LLC and Steve Bilidas, President of the Amphora Bakery, Inc. and Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

10. SBA Form 930 (or Modified SBA Form 930) -Deed of Trust-dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, as Members of GMS Sunset LLC, as Grantor, for the benefit of Virginia Asset Financing Corporation (n/k/a Business Finance Group, Inc.) and as recorded among the Land Records of Fairfax County, Virginia on September 10, 2004 at Book 16490, Page 1808 ("Deed of Trust").

11. Assignment of Deed of Trust-dated September 8, 2004, and signed by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.) in favor of the U.S. Small Business Administration and recorded among the Land Records of Fairfax County, Virginia on September 10, 2004 at Book 16490, Page 1817.

12. Assignment of Leases and Rents dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, Members of GMS Sunset LLC, in favor of Virginia Asset Financing Corporation, and recorded among the Land Records of Fairfax County, Virginia at Book 16940, Page 1820, and as assigned within the same document to SBA on September 2, 2004 by, Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

13. Third Party Lender Agreement -dated September 8, 2004, signed by Ernest T. Argleben, Jr. , Assistant Vice President of Access National Bank, and by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.) and Assigned to SBA on September 2, 2004, Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

14. Lease Agreement dated December 1, 2003, Riders and Tenant Estoppel Certificate and Subordination Agreement all signed September 9, 2004, by George Cholakis on behalf of the Landlord (GMS Sunset, LLC) and Steve Bilidas on behalf of the Tenant (Amphora Bakery, Inc.)

15. SBA Form 1059-Security Agreement dated September 8, 2004, signed by Steve Bilidas, President of Amphora Bakery, Inc. as assigned to SBA within the same document on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

2

4818-0108-5279.1

16. Owner's Certification dated September 8, 2004, signed by Steve Bilidas, President of Amphora Bakery, Inc., certifying to Virginia Asset Financing Corporation that Amphora Bakery, Inc. owns certain equipment.

17. Any and all title insurance policies related to the property that is the subject of the Deed of Trust.

18. Opinion Letter from CDC's Counsel-dated September 13, 2004, and signed by Lawrence M. Schonberger, of the law firm Sevila, Saunders, Huddleston & White, P.C.

19. Opinion Letter of SBA District Counsel signed by Ashley H. Hou, District Counsel, Baltimore District Office.

**TO HAVE AND TO HOLD**, the same unto the Assignee, and to the successors, legal representatives, and assigns of the Assignee forever. Assignor represents to Assignee that none of the documents listed above have been previously assigned or encumbered by Assignor, other than as stated within.

U.S. Small Business Administration

By: *Shirley Walls*
Name: Shirley Walls
Title: Supervisory Loan Specialist

STATE OF Arkansas )
COUNTY OF Pulaski ) SS:

On this 17th day of October, in the year 2019, before me, the undersigned, a notary public in and for said state, personally appeared Shirley Walls, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

[Notary seal: VICTOR OKYERE, COMM. EXP. 4-27-2025, No. 12694112, PULASKI COUNTY, NOTARY PUBLIC-ARKANSAS]

4818-0108-5279.1

3

11/01/2019
RECORDED FAIRFAX CO VA
TESTE:
CLERK