# EXHIBIT C

Standalone Cover Sheet Version 1.0

Page 1 of 1

# Fairfax County Land Records
## Cover Sheet - GMS

**Instrument(s)**
ASSIGNMENT
**Grantor(s)**
GMS SUNSET LLC _F_N
**Grantee(s)**
VIRGINIA ASSET FINANCING CORP _F_N

| Consideration | | Consideration % | 100 | |
|---|---|---|---|---|
| Tax Exemption | None | Amount Not Taxed | | |
| DEM Number | | Tax Map Number | 017-3-0/09/00/0011 | |
| Original Book | | Original Page | | |
| Title Company | WALKER TITLE | | Title Case | W0402224 |
| Property Descr. | SUNSET BUSINESS CONDO UNITS 11 AND 12 | | | |
| Certified | No. | Copies | 0 | Page Range | |





17/18

file://C:\FXCover\DHTMLProject_BARCODE_FORM.htm

9/8/2004

## ASSIGNMENT OF LEASES AND RENTS

THIS ASSIGNMENT OF LEASES AND RENTS (as the same may be amended, modified or supplemented from time to time, the "Assignment"), dated as of the ___8th___ day of ___September___, 2004, from GMS SUNSET LLC, a Virginia limited liability company (the "Assignor"), in favor of VIRGINIA ASSET FINANCING CORPORATION, a Virginia corporation (the "Assignee"), for further assignment by Assignee to the UNITED STATES SMALL BUSINESS ADMINISTRATION, an agency of the United States (the "SBA"), recites and provides:

Assignee has agreed to make a loan to Assignor and Amphora Bakery, Inc., a Virginia corporation in the principal amount of Four Hundred Sixty Nine Thousand and 00/100 Dollars ($469,000.00) (the "Loan") to provide financing for acquisition of the land described in Exhibit A hereto and the improvements thereon situated in the County of Fairfax, Virginia (collectively, the "Premises"). The Loan is evidenced by a promissory note of even date herewith (as the same may be amended, modified or supplemented from time to time, the "Note") made by Assignor and payable to the order of Assignee in the principal amount of $469,000.00. The Note is secured, in part, by a deed of trust of even date herewith (as the same may be amended, modified or supplemented from time to time, the "Deed of Trust") from Assignor to Stanley Y. Fujii, as trustee. Terms defined in the Note and the Deed of Trust shall have the same defined meanings when used in this Assignment. As a condition to making the Loan, the Assignee has required an assignment to the Assignee and any subsequent holder of the Note of all leases (individually, a "Lease," and collectively, the "Leases") of or relating to Assignor's interest in the Premises or any part thereof, now or hereafter existing, and all rents, issues and profits (the "Rents") now or hereafter arising from Assignor's interest in the Premises or any part thereof, all in accordance with the terms and conditions set forth herein.

NOW, THEREFORE, for and in consideration of the agreement of Assignee to make the Loan and as ADDITIONAL SECURITY for the payment of the Note, Assignor agrees as follows:

1.      Assignment of Leases. Assignor hereby assigns, transfers and sets over to Assignee, and any subsequent holder of the Note, all Assignor's right, title and interest in and to all Leases and all renewals or extensions thereof, together with all the Rents, now existing or hereafter arising. Prior to the election of Assignee to collect the Rents upon the occurrence of an Event of Default under the Deed of Trust, Assignor shall have the right to collect and dispose of the Rents without restriction.

2.      Delivery of the Leases. All Leases currently in effect with respect to the Premises have been delivered to Assignee, are in full force and effect as of the date of this Assignment and neither Assignor nor any tenant is in default thereunder. Assignor shall not make any subsequent agreement for the lease of the Premises or any part thereof except in the ordinary course of business in accordance with the provisions of the Deed of Trust. All such subsequent Leases shall be subject to the prior written approval of Assignee, which approval shall not be unreasonably withheld, in accordance with the provisions of the Deed of Trust.

3.      No Modification of the Leases. Without the prior written consent of Assignee, which consent shall not be unreasonably withheld, Assignor shall not

Prepared by Sevila Saunders Huddleston & White, PC

1

Grantor: GMS SUNSET LLC
DateTime: 09/10/2004 18:32:45
Book/Page: 16490/1620
Recorded in FAIRFAX COUNTY CIRCUIT COURT

TESTE: JOHN T. FREY

Grantee: VIRGINIA ASSET F
Instrument: 2004036813.031
# of Pages: 10

WALKER TITLE & ESCROW COMPANY, INC.   tax map 017-3-09-0011   017-3-09-0012   WT# 04008924   CL

a.    Cancel, terminate or accept any surrender of the Leases;

b.    Accept any prepayments for more than thirty (30) days of installments of rent under any of the Leases;

c.    Modify or abridge any of the terms, covenants and conditions of any of the Leases so as to reduce the terms thereof or the rental payments thereunder; or

d.    Change any renewal privileges contained in any of the Leases.

4.    <u>Representations and Warranties</u>. Assignor represents and warrants that

a.    Except for the assignment made by Assignor to Access National Bank, the first trust lender, Assignor has not previously sold, assigned, transferred, mortgaged or pledged the Leases or the Rents, whether now due or hereafter to become due;

b.    The Rents now due or to become due for any periods subsequent to the date hereof have not been collected and payment thereof has not been anticipated for a period of more than one (1) month in advance, waived or released, discounted, set off or otherwise discharged or compromised except as set forth in the Leases;

c.    It has not received any funds or deposits from any tenant for which credit has not already been made on account of accrued income other than the security deposits provided for in the Leases;

d.    It has not received any bona fide and acceptable offer to purchase the Premises or any part thereof which would in any way affect any right or option of first refusal to purchase all or any portion of the Premises now contained in any Lease; and

e.    It has not done anything which might prevent Assignee from or limit Assignee in operating under or enforcing any of the provisions hereof.

Assignor shall act in good faith to enforce or secure the performance of each and every obligation, covenant, condition and agreement to be performed by any tenants under all the Leases.

5.    <u>Remedies upon Default</u>. Immediately upon the occurrence of an Event of Default under the Deed of Trust and the expiration of any applicable cure period, Assignee is hereby expressly and irrevocably authorized to enter and take possession of the Premises by actual physical possession, or by written notice served personally upon, or sent by registered or certified mail, postage prepaid, to Assignor, as Assignee may elect, and no further authorization shall be required. Following any such entry and taking of possession, Assignee may:

f.    Manage and operate the Premises or any part thereof;

g.    Lease any part or parts of the Premises for such periods of time, and upon such terms and conditions as Assignee may, in its discretion, deem proper;

h.    Enforce any of the Leases;

Prepared by Sevila Saunders Huddleston & White, PC

2

i.      Demand, collect, sue for, attach, levy, recover, receive, compromise and adjust, and make, execute and deliver receipts and releases for all Rents that may then or may thereafter become due, owing or payable with respect to the Premises, or any part thereof, from any present or future lessees, tenants, subtenants or occupants thereof;

j.      Institute, prosecute to completion or compromise and settle, all summary proceedings and actions for rent or for removing any and all lessees, tenants, subtenants or occupants of the Premises or any part or parts thereof;

k.      Enforce or enjoin or restrain the violation of any of the terms, provisions and conditions of any of the Leases;

l.      Make such repairs and alterations to the Premises as Assignee may, in its discretion, deem proper;

m.      Pay from and out of the Rents collected or from or out of any other funds, the insurance premiums and any other taxes, assessments, water rates, sewer rates or other governmental charges levied, assessed or imposed against the Premises or any portion thereof, and also any and all other charges, costs and expenses which it may deem necessary or advisable for Assignee to pay in the management or operation of the Premises, including (without limiting the generality of any rights, powers, privileges and authorities conferred in this Assignment) the costs of such repairs and alterations, commissions for renting the Premises, or any portions thereof, and legal expenses in enforcing claims, preparing papers or for any other services that may be required; and

n.      Generally, do, execute and perform any other act, deed, matter or thing whatsoever that ought to be done, executed and performed in and about or with respect to the Premises as fully as Assignor might do.

Assignee shall apply the net amounts of any Rents received by it from the Premises, after payment of proper costs and charges (including any loss or damage hereinafter referred to in Section VIII hereof) to the reduction and payment of the indebtedness evidenced by the Note and secured by the Deed of Trust (the "Secured Indebtedness"). Assignor agrees not to seize or detain any property hereby assigned, transferred or set over to Assignee.

5.      Disposition of Rents Upon Default. Assignor hereby irrevocably directs the tenants under the Leases upon demand and notice from Assignee of any Event of Default, to pay to Assignee all Rents accruing or due under the Leases from and after the receipt of such demand and notice. Such tenants in making such payments to Assignee shall be under no obligation to inquire into or determine the actual existence of any such Event of Default claimed by Assignee.

6.      Attornment. To the extent not provided by applicable law, each Lease of the Premises or of any part thereof shall provide that in the event of the enforcement by Assignee of the remedies

Prepared by Sevila Saunders Huddleston & White, PC

provided for by law or by this Assignment, the tenant thereunder will, upon request of any person succeeding to the interest of Assignor as a result of such enforcement, automatically become the tenant of such successor-in-interest, without change in the terms or other provisions of such Lease; provided, however, that the successor-in-interest shall not be bound by:

a.    Any payment of rent or additional rent for more than one (1) month in advance, except prepayments in the nature of security for the performance by the tenant of its obligations under the Lease; or

b.    Any amendment or modification of the Lease made without the consent of Assignee or such successor-in-interest.

Each Lease also shall provide that, upon request by the successor-in-interest, the tenant shall execute and deliver an instrument or instruments confirming such attornment.

7. <u>Indemnification</u>. Assignor hereby agrees to indemnify and hold Assignee harmless from and against any and all liabilities, losses, damages and expenses, including reasonable attorneys' fees, which it may incur under any of the Leases, or by reason of this Assignment or by reason of any action taken by Assignee or Assignor hereunder, and from and against any and all claims and demands whatsoever which may be asserted against Assignee by reason of any alleged obligation or undertaking on its part to perform or discharge any of the terms, covenants and conditions contained in any of the Leases. Should Assignee incur any such liabilities, losses, damages or expenses, the amount thereof, together with interest thereon at the rate set forth in the Note, shall be payable by Assignor to Assignee immediately upon demand therefor, or at the option of Assignee, Assignee may reimburse itself therefor out of any Rents collected by Assignee. Nothing contained herein shall operate or be construed to obligate Assignee to perform any of the terms, covenants and conditions contained in any of the Leases or otherwise to impose any obligation upon Assignee with respect to any of the Leases. This Assignment shall not operate to place upon Assignee any responsibility for the operation, control, care, management or repair of the Premises, and the execution of this Assignment by Assignor shall constitute conclusive evidence that all responsibility for the operation, control, care, management and repair of the Premises is and shall be that of Assignor.

8.    <u>Further Assurances</u>. Assignor agrees to execute and deliver to Assignee, at any time or times during which this Assignment shall be in effect, such further instruments as Assignee may deem necessary to make effective or more effective this Assignment and the covenants of Assignor herein contained.

9.    <u>No Waiver</u>. Failure of Assignee to avail itself of any of the terms, covenants and conditions of this Assignment for any period of time, or any time or times, shall not be construed or deemed to be a waiver of any of its rights hereunder. The rights and remedies of Assignee under this Assignment are cumulative and are not in lieu of, but are in addition to, any other rights and remedies which Assignee shall have under or by virtue of any of the Loan Documents. The rights and remedies of Assignee hereunder may be exercised from time to time and as often as such exercise is deemed expedient.

Prepared by Sevila Saunders Huddleston & White, PC

10. <u>Assignment of Assignee's Rights</u>. Any holder of the Secured Indebtedness shall have the right to assign to any subsequent holder of the Secured Indebtedness, the right, title and interest of Assignor hereby assigned, subject, however, to the provisions of this Assignment. In the event all the right, title and interest of Assignor in the Premises are barred or foreclosed, no assignee of the interest of Assignor shall be liable to account to Assignor for any Rents thereafter accruing.

11. <u>Release</u>. Upon payment in full of the Secured Indebtedness, as evidenced by a recorded satisfaction or release of the Deed of Trust, as well as any sums which may be payable hereunder, this Assignment shall become and be void and of no effect.

12. <u>Amendments and Discharge</u>. No change, amendment, modification, cancellation or discharge of this Assignment, or any part hereof, shall be valid unless Assignee shall have consented thereto in writing.

13. <u>Successors and Assigns</u>. The terms, covenants and conditions contained herein shall inure to the benefit of, and bind Assignor, Assignee and their successors and assigns.

14. <u>Governing Law</u>. This Assignment shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, without reference to conflict of laws principles.

15. <u>Severability</u>. If any provision of this Assignment, or the application hereof to any person, entity or circumstance, shall to any extent be invalid or unenforceable, the remainder of the provisions of this Assignment, or the application of such provision to other persons, entities or circumstances, shall not be affected thereby, and each provision of this Assignment shall be valid and enforceable to the fullest extent permitted by law.

16. <u>Enforcement</u>. The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

a)    When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

b)    Assignee or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

Prepared by Sevila Saunders Huddleston & White, PC

5                          Closing Binder Nos. 17/18

IN WITNESS WHEREOF, the undersigned has executed this Assignment as of the date first above written.

GMS Sunset LLC,
a Virginia limited liability company

By: _____
Name: Steve Bilidas
Title: Member

By: _____
Name: George Cholakis
Title: Member

By: _____
Name: Maria Cholakis
Title: Member

COMMONWEALTH OF VIRGINIA
COUNTY OF _Fairfax_____, to wit:

The foregoing instrument was acknowledged before me on this _8th_ day of _September_, 2004, in the jurisdiction aforesaid by Steve Bilidas, a Member of GMS Sunset LLC, a Virginia limited liability company on behalf of the company.

_____
Notary Public

My commission expires: _4/30/06_____

Prepared by Sevila Saunders Huddleston & White, PC

6                                    Closing Binder Nos. 17/18

COMMONWEALTH OF VIRGINIA
COUNTY OF _Fairfax_____, to wit:

The foregoing instrument was acknowledged before me on this _8th_ day of _September_ 2004, in the jurisdiction aforesaid by George Cholakis, a Member of GMS Sunset LLC, a Virginia limited liability company on behalf of the company.

_____
Notary Public

My commission expires: _4/30/06_____

COMMONWEALTH OF VIRGINIA
COUNTY OF _Fairfax_____, to wit:

The foregoing instrument was acknowledged before me on this _8th_ day of _September_, 2004, in the jurisdiction aforesaid by Maria Cholakis, a Member of GMS Sunset LLC, a Virginia limited liability company on behalf of the company.

_____
Notary Public

My commission expires: _4/30/06_____

Prepared by Sevila Saunders Huddleston & White, PC

7                                    Closing Binder Nos. 17/18

Assignee does hereby sell, assign and transfer unto SBA, all of its right, title and interest to this Assignment of Leases and Rents.

ATTEST:

VIRGINIA ASSET FINANCING CORPORATION, a Virginia corporation

Name: D. Wayne Williams
Title: Attestation Clerk

By: _____
Name: Sally B. Robertson
Title: Executive Director

COMMONWEALTH OF VIRGINIA
CITY OF FAIRFAX, to wit:

The foregoing instrument was acknowledged before me on this 2ND day of September, 2004 in the above jurisdiction by Sally B. Robertson, as Executive Director of Virginia Asset Financing Corporation, a Virginia corporation, on behalf of the corporation.

_____
Notary Public

[NOTARY SEAL]

My commission expires: _____9|30|06_____

PREPARED BY/AFTER RECORDATION, PLEASE RETURN TO:
Sevila, Saunders, Huddleston & White, PC
30 North King Street
Leesburg, Virginia 20176
Attention: Lawrence M. Schonberger, Esquire

Prepared by Sevila Saunders Huddleston & White, PC

8                                    Closing Binder Nos. 17/18

Exhibit A

Units 11 and 12, Sunset Business Condominium, according to a Declaration recorded in Deed Book 5876, page 13, among the land records of Fairfax County, Virginia, and by Amendment to Declaration recorded in Deed Book 14736, page 108, together with an undivided interest in the Condominium Common Elements as defined in the Declaration and the Virginia Condominium Act.

Less and Except from the common area hereof, 1,582 square feet, more or less, conveyed to the Commonwealth of Virginia recorded in Deed Book 7615, page 783, among the land records of said County.

2019072023.001    BK 25962 0100    11/01/2019 09:35:13

## ASSIGNMENT OF DOCUMENTS

### KNOW ALL MEN BY THESE PRESENTS:

In consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, U.S. SMALL BUSINESS ADMINISTRATION ("SBA"), an agency and instrumentality of the United States Government ("Assignor"), does hereby assign, transfer and set-over unto Business Finance Group, Inc. (f/k/a Virginia Asset Financing Corporation), Certified Development Corporation ("Assignee"), all of its right, title and interest in and to that certain:

1. Authorization for Debenture Guarantee – dated July 18, 2003 signed by George Cholakis, Member of GMS Sunset LLC and George Cholakis, Maria Cholakis, and Steven G. Bilidas Members of Amphora Bakery Inc. and signed by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group, Inc.), as amended pursuant to CDC 327 Action No. 1 dated March 31, 2004 and approved by the SBA on April 5, 2004, and CDC 327 Action No. 2 dated August 3, 2004 and approved by the SBA on August 4, 2004, and CDC Action No. 3 dated August 9, 2004 and approved by the SBA on August 16, 2004, and CDC Action No. 4 dated August 23, 2004 and approved by SBA on August 24, 2004, and CDC Action No. 5 dated August 30, 2004 and approved by SBA on August 31, 2004

2. SBA form 1505 – 504 Note – dated September 8, 2004 signed by Steven Bilidas, George Cholakis, and Maria Cholakis members of GMS Sunset LLC, and Steve Bilidas, President of Amphora Bakery, Inc., and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

3. SBA Form 148 -Unconditional Guarantee - dated September 8, 2004 signed by Steve Bilidas, individually, and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

4. SBA Form 148 -Unconditional Guarantee - dated September 8, 2004 signed by George Cholakis and Maria Cholakis, individually, and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

5. SBA Form 148 -Unconditional Guarantee -dated September 8, 2004 signed by Steven Bilidas, George Cholakis, and Maria Cholakis general partners of Laconia Partnership, and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

6. SBA Form 148 -Unconditional Guarantee -dated September 8, 2004 signed by Maria Cholakis President of Diner DX, Inc., and assigned to SBA on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

7. Loan Agreement-dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, Members of GMS Sunset LLC and Steve Bilidas, President of Amphora Bakery, Inc. and by Maria Cholakis as President of Diner DX, Inc. and by Steve Bilidas, George Cholakis and Maria Cholakis as general partners of Laconia Partnership and by Steve Bilidas, individually, and by George Cholakis, individually and by Maria Cholakis, individually and by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

8. Certificate of Insurance & Policies -(a) Casualty, Liability and Worker's Compensation Insurance Certificate issued by Wills of Maryland; and (b)    Standard    Flood    Hazard    Determination showing project property not within Special Flood Hazard Area.

9. SBA Form 1506-Servicing Agent Agreement-dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, Members of GMS Sunset, LLC and Steve Bilidas, President of the Amphora Bakery, Inc. and  Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

10. SBA Form 930 (or Modified SBA Form 930) -Deed of Trust-dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, as Members of GMS Sunset LLC, as Grantor, for the benefit of Virginia Asset Financing Corporation (n/k/a Business Finance Group, Inc.) and as recorded among the Land Records of Fairfax County, Virginia on September 10, 2004 at Book 16490, Page 1808 ("Deed of Trust").

11. Assignment of Deed of Trust-dated September 8, 2004, and signed by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.) in favor of the U.S. Small Business Administration and recorded among the Land Records of Fairfax County, Virginia on September 10, 2004 at Book 16490, Page 1817.

12. Assignment of Leases and Rents dated September 8, 2004, signed by Steve Bilidas, George Cholakis and Maria Cholakis, Members of GMS Sunset LLC, in favor of Virginia Asset Financing Corporation, and recorded among the Land Records of Fairfax County, Virginia at Book 16940, Page 1820, and as assigned within the same document to SBA on September 2, 2004 by, Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

13. Third Party Lender Agreement -dated September 8, 2004, signed by Ernest T. Argleben, Jr. , Assistant Vice President of Access National Bank, and by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.) and Assigned to SBA on September 2, 2004, Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

14. Lease Agreement dated December 1, 2003, Riders and Tenant Estoppel Certificate and Subordination Agreement all signed September 9, 2004, by George Cholakis on behalf of the Landlord (GMS Sunset, LLC) and Steve Bilidas on behalf of the Tenant (Amphora Bakery, Inc.)

15. SBA Form 1059-Security Agreement dated September 8, 2004, signed by Steve Bilidas, President of Amphora Bakery, Inc. as assigned to SBA within the same document on September 8, 2004 by Sally B. Robertson, Executive Director of Virginia Asset Financing Corporation (n/k/a Business Finance Group Inc.)

2

4818-0108-5279.1

16. Owner's Certification dated September 8, 2004, signed by Steve Bilidas, President of Amphora Bakery, Inc., certifying to Virginia Asset Financing Corporation that Amphora Bakery, Inc. owns certain equipment.

17. Any and all title insurance policies related to the property that is the subject of the Deed of Trust.

18. Opinion Letter from CDC's Counsel-dated September 13, 2004, and signed by Lawrence M. Schonberger, of the law firm Sevila, Saunders, Huddleston & White, P.C.

19. Opinion Letter of SBA District Counsel signed by Ashley H. Hou, District Counsel, Baltimore District Office.

**TO HAVE AND TO HOLD**, the same unto the Assignee, and to the successors, legal representatives, and assigns of the Assignee forever.  Assignor represents to Assignee that none of the documents listed above have been previously assigned or encumbered by Assignor, other than as stated within.

U.S. Small Business Administration

By: _Shirley Walls_
Name: _Shirley Walls_
Title: _Supervisory Loan Specialist_

STATE OF _Arkansas_ )
COUNTY OF _Pulaski_ ) SS:

On this 17th day of _October_, in the year 2019, before me, the undersigned, a notary public in and for said state, personally appeared _Shirley Walls_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

VICTOR OKYERE
COMM. EXP.
4-27-2025
No. 12694112
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS

3

4818-0108-5279.1

11/01/2019