# EXHIBIT D

# MEMORANDUM OF PURCHASE AT PUBLIC AUCTION

**Property Address:** 276 and 294 Sunset Park Drive, Herndon, Virginia 20170
Tax Identification Numbers: 0173 09 0011 and 0173 09 0012

The undersigned purchaser ("**Purchaser**") hereby acknowledges that it has, this _____ day of January, 2025, purchased at public auction the real property generally known as 276 and 294 Sunset Park Drive, Herndon, Virginia 20170 ("**Real Property**") and described in the legal ad attached hereto and incorporated herein by reference ("**Legal Ad**"), subject to the terms and conditions set forth in the Legal Ad, for the purchase price of $1,523,000.00.

The Purchaser agrees to complete the purchase of the Real Property in accordance with the terms and conditions of the Legal Ad and, in connection therewith, the Purchaser has delivered a deposit in the amount of $50,000.00 to the Substitute Trustee, Mark C. Hayes ("**Substitute Trustee**").

The Substitute Trustee hereby accepts the purchaser's offer to purchase the Real Property subject to the terms and conditions of the Legal Ad. The Substitute Trustee further acknowledges that he has received the above referenced deposit from the Purchaser.

IN WITNESS WHEREOF, the Purchaser and the Substitute Trustee have executed this Memorandum of Purchase at Public Auction as of this 30th day of January 2025, with the specific intention of creating an instrument under seal.

**WITNESS/ATTEST:**                **PURCHASER:**

_____          By: _____
                                   Name:
                                   Title:

                                   Contact Information:

**WITNESS/ATTEST:**                **SUBSTITUTE TRUSTEE:**

_____          _____(SEAL)
                                   Mark C. Hayes

Steve Billdas
703-887-2283
sbkids2@gmail.com

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE of VACANT COMMERCIAL CONDOMINIUM LOCATED AT 276 AND 294 SUNSET PARK DRIVE, HERNDON, VIRGINIA 20170

Under and by virtue of the power of sale contained in that certain Deed of Trust, dated September 8, 2004, executed and delivered by GMS Sunset, LLC, to Stanley Y. Fuji, (the "Original Trustee"), for the benefit of Business Finance Group, Inc. (f/k/a Virginia Asset Financing Corporation) and recorded among the Land Records of Fairfax County, Virginia ("Land Records") at Liber 16490, folio 1808, as assigned to the U.S. Small Business Administration ("SBA") by an Assignment of Deed of Trust, dated September 8, 2004, and recorded among the Land Records at Liber 16490, folio 1817 and as assigned back to the Business Finance Group, Inc. by an Assignment of Documents, dated October 17, 2019, and recorded among the Land Records at Liber 25962, folio 0100 (collectively, the "Deed of Trust"), the holder of the indebtedness secured by said Deed of Trust (the "Noteholder") having subsequently appointed Mark C. Hayes as Substitute Trustee in the place and stead of the Original Trustee pursuant to a Deed of Appointment of Substitute Trustee recorded among the Land Records at Liber 25981, Folio 0532, default having occurred under the terms of said Deed of Trust and at the request of the Noteholder, the undersigned Substitute Trustee (the "Trustee") will offer for sale the Property described below to the highest qualified bidder at a public auction to be held **on the steps of the Circuit Court for Fairfax County, Virginia, located at 4110 Chain Bridge Rd, Fairfax, VA 22030 on January 30, 2025 at 11:00 a.m.**

ALL OF THAT property being situate in the Fairfax County, Virginia, and any improvements thereon, being more particularly described as follows (the "Property"):

Units 11 and 12, Sunset Business Condominium, according to a Declaration recorded in Deed Book 5876, page 13, among the land records of Fairfax County, Virginia, and by Amendment to Declaration recorded in Deed Book 14736, page 108, together with an undivided interest in the Condominium Common Elements as defined in the Declaration and the Virginia Condominium Act.

Less and Except from the common area hereof, 1,582 square feet, more or less, conveyed to the Commonwealth of Virginia recorded in Deed Book 7615, page 783, among the land records of said County

**DESCRIPTION OF PROPERTY:** The Property is believed to have an address of 276 & 294 Sunset Park Drive, Town of Herndon, Fairfax County, Virginia 20170 (Sunset Business Park, Units 11 and 12) (combined unit) and has the following Tax ID Nos.: 0173 09 0011 and 0173 09 0012. The Property consists of two, joined, one-story condominium units in the Sunset Business Park. The two units back to each other and function as one unit. The Property is believed to be occupied by an operating bakery. The Noteholder is not conveying any property or other assets of the bakery.

**TERMS OF SALE:** A deposit in the amount of $50,000.00, payable in cash or by cashier's check (made payable to "Gebhardt & Smith LLP"), or other form acceptable to the Substitute Trustee, will be required of the successful bidder(s) ("Purchaser(s)") at the time and place of sale. The Purchaser(s) shall be required to increase the amount of the deposit to ten percent (10%) of the selling price within seven (7) calendar days of sale.

The balance of the purchase price shall be due upon settlement, which shall occur within thirty (30) days of the date of the sale; however, the Substitute Trustee reserve the right to extend the time for settlement, time being of the essence. The Substitute Trustee also reserve the right to reject any and all bids and to withdraw the Property from sale. In the event the Noteholder or an affiliate of the Noteholder is the successful bidder at the sale, the Noteholder or the affiliate of the Noteholder will not be required to post a deposit. Real estate taxes shall be adjusted as of the sale date. All other taxes, water rent and all municipal charges and other liens owed against the Property shall be the responsibility of the Purchaser(s) and shall be paid by the Purchaser(s) at settlement. In addition, all other charges, expenses and senior liens (if any) owed against the Property including, but not limited to, all public charges and assessments owed against the Property and payable on an annual basis, such as sanitary and/or metropolitan district charges, if any, shall also be the responsibility of the Purchaser(s) and shall be paid by the Purchaser(s) at settlement. The costs of all documentary stamps, recordation taxes, document preparation, transfer taxes, grantor and grantee taxes and other charges associated with the conveyance of the Property to the ultimate Purchaser(s) shall also be the responsibility of the Purchaser(s) and shall be paid by the Purchaser(s) at settlement. Settlement shall be held at the offices of the Substitute Trustee, or at such other place as may be agreed upon by the Substitute Trustee.

Except for the special warranty contained in the Deed for the Property, the Substitute Trustee and the Noteholder disclaim all warranties of any kind for the Property including, without limitation, any warranty relating to zoning, extent of construction, fitness for a particular purpose and environmental conditions affecting the Property. The Property will be sold in an "AS-IS" condition and subject to all encumbrances, rights, reservations, covenants, conditions, restrictions, rights of way, easements, taxes, liens, rights of redemption, such state of facts that an accurate survey or physical inspection of the Property might disclose, agreements of record affecting the same, tenancies contained in the deeds forming the chain of title thereto, statutory liens, and all other matters having priority over the Deed of Trust, if any. The Purchaser(s) at the foreclosure sale shall assume the risk of loss for the Property immediately after the foreclosure sale takes place. Furthermore, it shall be the Purchaser(s) responsibility to obtain possession of the Property after settlement.

In the event the Purchaser(s) fail to go to settlement as required, the aforementioned deposit shall be forfeited and the Property shall be resold at the Purchaser(s)' risk and expense.

If the Substitute Trustee is unable to convey the Property as described above, the Purchaser(s) sole remedy at law or in equity shall be limited to the refund of the aforementioned deposit without interest thereon. Upon refund of the deposit to the Purchaser(s) as aforesaid, the sale shall be void and of no further force or effect, and the Purchaser(s) shall have no further claim against the Substitute Trustee. Additional terms may be announced at the time and place of sale. Purchaser(s) will be required to sign a Memorandum of Sale incorporating the terms of the sale.

Regardless of other printed sales information concerning this sale, this Notice of Substitute Trustee's Sale and any additional terms announced at the sale shall control. Written notice has been or will be provided as required by Section 55.1-321 of the 1950 Code of Virginia, as amended and the Deed of Trust.

Mark C. Hayes
Substitute Trustee

For further information, contact:
Richard A. DuBose, III
Gebhardt and Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
410-385-5039
ATTORNEY FOR NOTEHOLDER

Jan 7,14,21,28 2025                      W00000000