# EXHIBIT H

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:  **GMS SUNSET, LLC**  :
      **Debtor**  :
        :    **Case No. 23-11315-KHK**
        :    **Chapter 11**
_____  :

## DEBTOR'S PLAN OF REORGANIZATION

## ARTICLE I
## DEFINITIONS

For the purpose of this Plan of Reorganization, the following terms shall have the following meanings unless the context clearly requires otherwise:

1.1     **Administrative Claim:**  Any claim entitled to priority under 507(a)(1) of the Bankruptcy Code incurred by the Debtors post-petition in the ordinary course of the Debtors' business.

1.2     **Administrative Expense:**  means a right to payment that is allowed under 503 of the Code and that is entitled to priority of payment under 507(a)(2) of the Code.

1.3     **Allowed Claim means a Claim: (A) If no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by the Code, the Rules, and order of the Court, or the Plan: (i) in the amount for which either proof of claim has been filed with the Court within the applicable period of limitation fixed by F.R.Bank.P. 3003, the Rules, or an order of the Court or, if (i) does not apply, then (ii) in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to F.R.Bankr.P. 1007(b),**

such as may be amended pursuant to F.R.Bankr.P. 1009 prior to the

Confirmation Date, and not listed therein as disputed, contingent, or

unliquidated. (B) If an objection to the allowance thereof has been interposed:

in the amount determined by the Court by a Final Order allowing the Claim.

      1.4    **Allowed Non Priority Claim:  means an Allowed Unsecured Claim**

to the extent that it is not an Allowed Priority Claim.

      1.5    **Allowed Priority Claim:  means an Allowed Unsecured Claim to**

the extent that it is entitled to priority of payment under - - 507(a)(1) through

(10), except (a)(2), of the Code.

      1.6    **Allowed Secured Claim: means an Allowed Claim that is secured**

by a lien on property in which the Estate has an interest, to the extent of the

value of such property that is actually available to the holder of such Allowed

Claim.

      1.7    **Allowed Unsecured Claim:  means an Allowed Claim to the extent**

that it is not an Allowed Secured Claim.

      1.8    **Avoidance Actions:  means all causes of action granted to, and still**

owned by, the Estate pursuant - -502, 541, 542, 543, 544, 545, 547, 548, 549, 550,

551 and 553 of the code.

      1.9    **Case: means this bankruptcy case, 23-11315-KHK**

      1.10    **Claim means any right to payment, or right to an equitable**

remedy for breach of performance if such breach gives rise to a right to

payment, against the Debtor that existed on or as of the Petition Date, whether

or not such right to payment or right to an equitable remedy is reduced to

judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

disputed, undisputed, secured or unsecured.

1.11    Code:  means the Bankruptcy Code, 11 U.S.C. -101 et seq., and any amendments thereof.

1.12    Confirmation Date: means entry by the Court of an order confirming the Plan at or after a hearing pursuant to -1129 of the Code.

1.13    Court:  means the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

1.14    Creditor:  means a person holding a claim against the Debtor(s).

1.15    Debtor: means GMS SUNSET, LLC.

1.16    Disclosure Statement:  The disclosure statements in this case approved by the Court.

1.17    Effective Date:  means the date 15 days following the Confirmation Date; provided, however, that if the fifteenth day following the Confirmation Date falls on a Saturday, Sunday, legal holiday, or other day on which the Court is closed, then the Effective Date shall be on the first business day thereafter.

1.18    Estate:  means the bankruptcy estate created under Section 541 of the Bankruptcy Code, consisting of the Debtor's property and rights to property.

1.19    Final Confirmation:  The date upon which the order entered by the Court confirming the Plan becomes final and unappealable.

1.20    Final Order:  means an order of a court as to which any appeal

that has been or may be taken has been resolved or as to which the time for appeal (including any applicable extensions which might be available), or further appeal, or petition for a writ of certiorari, has expired.

1.21     Order of Confirmation:  means the order entered by the Court confirming the Plan.

1.22     Person:  includes an individual, limited liability company, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof.

1.23     Petition Date:  means the date on which the Debtor filed his/her voluntary petition under Chapter 11 of the Code, which was August 17, 2023.

1.24     Plan:  means this Plan of Reorganization, including any amendments or modifications in accordance with the terms hereof, the Code, the Rules, or any order of the Court.

1.25     Post-petition Creditor:  means a Person with a right to payment that has accrued after the Petition date, but who has not established the allowance of such right to payment as an Administrative Expense.

1.26     Priority Claim:  Any claim entitled to priority pursuant to -507(a). of the Code, other than an Administrative Claim or a Tax Claim.

1.27     Professional Person:  means a Person that has been employed as a professional in the Case.

1.28     Rules:  means the Federal Rules of Bankruptcy Procedure, as a supplemented and/or modified by the local bankruptcy rules as adopted by the Court and as they may be amended from time to time.

1.29    Secured Claim:  Any claim, other than a Tax Claim, secured by property of the Debtors, to the extent of the value of the collateral.  All allowed Secured Claims will be determined pursuant to 11 U.S.C. Section 506.

1.30    Tax Claim:  Any claim entitled to priority treatment pursuant to 507(a)(8) of the Code.

1.31    Unsecured Claim:  Any claim, whether or not disputed, liquidated or contingent, other than an Administrative Claim, a Tax Claim, a Priority Claim, or a Secured Claim.

1.32    Unsecured Nonpriority Claim:  means a Claim that is both outside the priority categories enumerated in - -507(a)(1) through (10) of the Code and that is not secured by a lien on property in which the Estate has an interest.

## ARTICLE II
## DESIGNATION AND TREATMENT OF UNCLASSIFIED CLAIMS

2.01.   Administrative Claims.  Holders of Administrative Claims shall file a proof of Administrative Claim on or before the Administrative Bar Date or their Administrative Claim shall be disallowed in their entirety.  Allowed Administrative Claims shall be paid in full, without interest, on the later of the Effective Date or the date they are allowed by the Court, unless other payment arrangements are made between the Holder and the debtor.  Administrative liabilities to the Internal Revenue Service, if any, shall be paid in the normal course of business, in full, with interest pursuant to 26 U.S.C. Sections 6621 and 6622 and penalties, if any.  Notwithstanding any provision of the Plan, there shall be no requirement that the Internal Revenue Service file any request for

payment of Administrative Expenses, nor any deadline for the filing of such requests.  Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26. The tax liabilities of debtor to the Internal Revenue Service for any tax year or period which ends after the petition date shall constitute a post-petition liability to be paid in the normal course of business and shall not be subject to the terms of this Plan including the discharge/release provisions thereto.

2.02.    Professional Claims.  Holders of Professional Claims shall file applications for approval and payment of Professional Claims pursuant to Section 330 of the Bankruptcy Code.  Objections to any such applications shall be filed in accordance with the applicable rules of court.  Professional Claims (interim and final) shall be paid in full, from the Estate, within ten (10) days after the Court allows the claim, unless other payment arrangements are made between the Holder and the debtor.

2.03.    Quarterly Fees.  All quarterly fees owed pursuant to 28 U.S.C Section 1930 shall be paid in full, with interest, from the Estate on or before the Effective Date, and each quarter thereafter as they come due until a final decree is entered in the Case.

### ARTICLE III
### CLASSIFICATION AND TREATMENT OF CLAIMS

3.1    Administrative Claims:  The only claimant in this class is the Debtor's attorney.  Counsel will make application for attorney's fees as the are

incurred through Plan Confirmation.

This class of claims is unimpaired.

3.2     Priority Claims:  The Internal Revenue Service has withdrawn its' Proof of Claim (Claim #3) that was filed in this case.  Liability to the Internal Revenue Service is $0.00.  There are no remaining Priority Claims.

This class of claims is unimpaired.

3.3     Secured Claims (unimpaired)

a)   Business Finance Group, Inc. has filed a claim in this case for $302, 286.56.  The claim of Business Finance Group, Inc. shall be paid in full upon the refinance of the Debtor's real property, which will occur by September 15, 2024.

b)   Sunset Business Condominium Association has filed a claim in this case for $12, 316.74 in relation to Sunset Park Drive, Unit 11, Herndon, Virginia 20170.  Debtor has incurred approximately $2,464.00 in post-petition assessments on the unit as n administrative expense.  The claim of Sunset Business Condominium Association, as well as the accrued post-petition assessments and legal fees, costs and interest will be paid in full upon the refinance of the Debtor's real property; said refinance will occur by September 15, 2024.

c)   Sunset Business Condominium Association has filed a claim in this case for $15,131.94 in relation to 294 Sunset Park Drive, Unit 12, Herndon, Virginia 20170.  The Debtor has incurred approximately $3,143.oo in post-petition assessments on the unit as an administrative expense.  The Claim of

Sunset Business Condominium Association, as well as all accrued post-petition assessment and related legal fees, costs and interest will be paid in full upon the refinance of the Debtor's real property; said refinance of the Debtor's real property will occur by September 15, 2024.

This class of claims is unimpaired.

3.4    General unsecured Claims:

Portions of the Sunset Business Condominium Association claims are Unsecured.  The unsecured portions of the Sunset Business Condominium Association claims shall be paid in full upon the refinance of the Debtor's real property, which will take place by September 15, 2024.

This class of claims is unimpaired.

### ARTICLE IV
### ALLOWANCE AND DISALLOWANCE OF CLAIMS

4.1    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection: or (ii) no proof of claim has been filed, and the Debtor has scheduled each such claim as disputed, contingent, or unliquidated.

4.2    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

4.3    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with the court approval

and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

4.4     **Payment of Claims.**  Distributions and deliveries to holders of Allowed Claims shall be made to the address of each such holder as set forth in its allowed proof of claim, or if none, as such holder's address set forth in the schedules prepared and filed with the Court pursuant to F.R.Bankr.P. 1007(b). If any holder's distribution is returned from the address applicable under this section as undeliverable or if a creditor's distribution check is no negotiated such that it clears with 60 days following the mailing of such check, then the Debtor shall be authorized in his sole and absolute discretion to stop payment on such distribution and to make no further distribution with respect to the Allowed Claim giving rise to such distribution.  The Debtor shall have the right, but not the obligation, on a case-by-case basis, to extend the time for negotiating distribution checks, to re-issue checks on which payment has been stopped, or to make subsequent distributions to Creditors who do not timely negotiate their distribution checks.

4.5     **Failure to Make Distributions.**  The Debtor's failure to make any required distribution to Creditors shall constitute an event of default.  The Debtor shall have 30 days after receiving a written notice of a default within which to contest or to cure such alleged default.  If the Debtor fails to timely contest or cure such alleged default then the party affected by such default shall be permitted to pursue its remedies under the Code or to enforce its rights under the Plan pursuant to applicable non-bankruptcy law.

## ARTICLE V
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     **5.1**    **Assumed Executory Contracts and Unexpired Leases:  The Debtor is a party to one executory contract; the Amphora Bakery is a tenant of GMS SUNSET, LLC at 294 Sunset Park Drive, Units 11 and 12, Herndon, Virginia 20170.  The Debtor will continue to receive rents from Amphora Bakery.  The Debtor will assume this contract.**

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF THE PLAN

     **The Plan will be funded by the Debtor through the refinance of Debtor's real property located at 294 Sunset Park Drive, Units 11 and 12, Herndon, Virginia 20170.  Said refinance will take place by September 15, 2024.**

## ARTICLE V11
## GENERAL PROVISIONS

     **7.1**    **Definitions and Rules of Construction.  The definitions and rules of construction set forth in Section 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions.  See Article I at the beginning of the Plan.**

     **7.2**    **Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however a stay of the confirmation order is in effect of that date, the effective date will be the first business day after the date on which the**

stay of the confirmation order expires or is otherwise terminated.

7.3     **Severability.**  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.4     **Binding Effect.**  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.5     **Captions.**  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretations of this Plan.

7.6     **Controlling Effect.**  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.7     Notwithstanding anything in the contrary in the Plan or the Confirmation Order, administrative liabilities to the Internal Revenue Service, if any, shall be paid in the normal course of business, in full with interest pursuant to 26 U.S.C. Section 6621 and 6622 and penalties, if any.  There shall be no requirement that the Internal Revenue Service file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests.  Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26.

## ARTICLE VIII
## EFFECT OF CONFIMATION AND DISCHARGE

8.1     **Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in Section 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure.**

8.2     **Upon entry of the Order of Confirmation, the provisions of the Plan will bind the Debtor and all of his Creditors, whether or not the Claim of such Creditor is impaired under the Plan and whether or not such Creditor has accepted the Plan.**

8.3     **Upon entry of the Order of Confirmation, the Debtor shall be vested with all of the Debtor's property subject to the terms of the Plan or the Order of Confirmation.**

8.4     **Except as otherwise expressly provided in the Plan or the Order of Confirmation, the confirmation of the Plan vests all of the property of the Estate in the Debtor free and clear of all Claims, lens, and interest of Creditors.**

**GMS SUNSET, LLC
By Counsel
/s/ Nathan Fisher
Nathan Fisher
Fisher-Sandler, LLC
3977 Chain Bridge Rd., #2
Fairfax, VA  22030
VSB #37161
(703) 691-1642**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:  GMS SUNSET, LLC          :
      Debtor                          :
                             :          Case No. 23-11315-KHK
                             :          Chapter 11
_____ :

**DEBTOR'S PLAN OF REORGANIZATION**

**ARTICLE I**
**DEFINITIONS**

For the purpose of this Plan of Reorganization, the following terms shall have the following meanings unless the context clearly requires otherwise:

1.1     **Administrative Claim:**  Any claim entitled to priority under 507(a)(1) of the Bankruptcy Code incurred by the Debtors post-petition in the ordinary course of the Debtors' business.

1.2     **Administrative Expense:**  means a right to payment that is allowed under 503 of the Code and that is entitled to priority of payment under 507(a)(2) of the Code.

1.3     **Allowed Claim means a Claim: (A) If no objection to the** allowance thereof has been interposed within any applicable period of limitation fixed by the Code, the Rules, and order of the Court, or the Plan: (i) in the amount for which either proof of claim has been filed with the Court within the applicable period of limitation fixed by F.R.Bank.P. 3003, the Rules, or an order of the Court or, if (i) does not apply, then (ii) in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to F.R.Bankr.P. 1007(b),

such as may be amended pursuant to F.R.Bankr.P. 1009 prior to the Confirmation Date, and not listed therein as disputed, contingent, or unliquidated.  (B) If an objection to the allowance thereof has been interposed: in the amount determined by the Court by a Final Order allowing the Claim.

1.4     **Allowed Non Priority Claim:** means an Allowed Unsecured Claim to the extent that it is not an Allowed Priority Claim.

1.5     **Allowed Priority Claim:** means an Allowed Unsecured Claim to the extent that it is entitled to priority of payment under - - 507(a)(1) through (10), except (a)(2), of the Code.

1.6     **Allowed Secured Claim:** means an Allowed Claim that is secured by a lien on property in which the Estate has an interest, to the extent of the value of such property that is actually available to the holder of such Allowed Claim.

1.7     **Allowed Unsecured Claim:** means an Allowed Claim to the extent that it is not an Allowed Secured Claim.

1.8     **Avoidance Actions:** means all causes of action granted to, and still owned by, the Estate pursuant - -502, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the code.

1.9     **Case:** means this bankruptcy case, 23-11315-KHK

1.10    **Claim** means any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor that existed on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to

judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

disputed, undisputed, secured or unsecured.

  1.11 Code:  means the Bankruptcy Code, 11 U.S.C. -101 et seq., and
any amendments thereof.

  1.12 Confirmation Date: means entry by the Court of an order
confirming the Plan at or after a hearing pursuant to -1129 of the Code.

  1.13 Court:  means the United States Bankruptcy Court for the Eastern
District of Virginia, Alexandria Division.

  1.14 Creditor:  means a person holding a claim against the Debtor(s).

  1.15 Debtor: means GMS SUNSET, LLC.

  1.16 Disclosure Statement:  The disclosure statements in this case
approved by the Court.

  1.17 Effective Date:  means the date 15 days following the
Confirmation Date; provided, however, that if the fifteenth day following the
Confirmation Date falls on a Saturday, Sunday, legal holiday, or other day on
which the Court is closed, then the Effective Date shall be on the first business
day thereafter.

  1.18 Estate:  means the bankruptcy estate created under Section 541 of
the Bankruptcy Code, consisting of the Debtor's property and rights to
property.

  1.19 Final Confirmation:  The date upon which the order entered by
the Court confirming the Plan becomes final and unappealable.

  1.20 Final Order:  means an order of a court as to which any appeal

that has been or may be taken has been resolved or as to which the time for

appeal (including any applicable extensions which might be available), or

further appeal, or petition for a writ of certiorari, has expired.

  1.21 **Order of Confirmation:** means the order entered by the Court

confirming the Plan.

  1.22 **Person:** includes an individual, limited liability company,

corporation, partnership, joint venture, trust, estate, unincorporated

organization, or a government or any agency or political subdivision thereof.

  1.23 **Petition Date:** means the date on which the Debtor filed his/her

voluntary petition under Chapter 11 of the Code, which was August 17, 2023.

  1.24 **Plan:** means this Plan of Reorganization, including any

amendments or modifications in accordance with the terms hereof, the Code, the

Rules, or any order of the Court.

  1.25 **Post-petition Creditor:** means a Person with a right to payment

that has accrued after the Petition date, but who has not established the

allowance of such right to payment as an Administrative Expense.

  1.26 **Priority Claim:** Any claim entitled to priority pursuant to -507(a).

of the Code, other than an Administrative Claim or a Tax Claim.

  1.27 **Professional Person:** means a Person that has been employed as a

professional in the Case.

  1.28 **Rules:** means the Federal Rules of Bankruptcy Procedure, as

supplemented and/or modified by the local bankruptcy rules as adopted by the

Court and as they may be amended from time to time.

1.29    Secured Claim:  Any claim, other than a Tax Claim, secured by property of the Debtors, to the extent of the value of the collateral.  All allowed Secured Claims will be determined pursuant to 11 U.S.C. Section 506.

1.30    Tax Claim:  Any claim entitled to priority treatment pursuant to 507(a)(8) of the Code.

1.31    Unsecured Claim:  Any claim, whether or not disputed, liquidated or contingent, other than an Administrative Claim, a Tax Claim, a Priority Claim, or a Secured Claim.

1.32    Unsecured Nonpriority Claim:  means a Claim that is both outside the priority categories enumerated in - -507(a)(1) through (10) of the Code and that is not secured by a lien on property in which the Estate has an interest.

## ARTICLE II
## DESIGNATION AND TREATMENT OF UNCLASSIFIED CLAIMS

2.01.    Administrative Claims.  Holders of Administrative Claims shall file a proof of Administrative Claim on or before the Administrative Bar Date or their Administrative Claim shall be disallowed in their entirety.  Allowed Administrative Claims shall be paid in full, without interest, on the later of the Effective Date or the date they are allowed by the Court, unless other payment arrangements are made between the Holder and the debtor.  Administrative liabilities to the Internal Revenue Service, if any, shall be paid in the normal course of business, in full, with interest pursuant to 26 U.S.C. Sections 6621 and 6622 and penalties, if any.  Notwithstanding any provision of the Plan, there shall be no requirement that the Internal Revenue Service file any request for

payment of Administrative Expenses, nor any deadline for the filing of such requests. Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26. The tax liabilities of debtor to the Internal Revenue Service for any tax year or period which ends after the petition date shall constitute a post-petition liability to be paid in the normal course of business and shall not be subject to the terms of this Plan including the discharge/release provisions thereto.

2.02. **Professional Claims.** Holders of Professional Claims shall file applications for approval and payment of Professional Claims pursuant to Section 330 of the Bankruptcy Code. Objections to any such applications shall be filed in accordance with the applicable rules of court. Professional Claims (interim and final) shall be paid in full, from the Estate, within ten (10) days after the Court allows the claim, unless other payment arrangements are made between the Holder and the debtor.

2.03. **Quarterly Fees.** All quarterly fees owed pursuant to 28 U.S.C Section 1930 shall be paid in full, with interest, from the Estate on or before the Effective Date, and each quarter thereafter as they come due until a final decree is entered in the Case.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS

3.1 **Administrative Claims:** The only claimant in this class is the Debtor's attorney. Counsel will make application for attorney's fees as the are

incurred through Plan Confirmation.

This class of claims is unimpaired.

3.2     Priority Claims:  The Internal Revenue Service has withdrawn its' Proof of Claim (Claim #3) that was filed in this case.  Liability to the Internal Revenue Service is $0.00.  There are no remaining Priority Claims.

This class of claims is unimpaired.

3.3     Secured Claims (unimpaired)

a)  Business Finance Group, Inc. has filed a claim in this case for $302, 286.56.  The claim of Business Finance Group, Inc. shall be paid in full upon the refinance of the Debtor's real property, which will occur by December 15, 2024.

b)  Sunset Business Condominium Association has filed a claim in this case for $12, 316.74 in relation to Sunset Park Drive, Unit 11, Herndon, Virginia 20170.  Debtor has incurred approximately $2,464.00 in post-petition assessments on the unit as n administrative expense.  The claim of Sunset Business Condominium Association, as well as the accrued post-petition assessments and legal fees, costs and interest will be paid in full upon the refinance of the Debtor's real property; said refinance will occur by December 15, 2024.

c)  Sunset Business Condominium Association has filed a claim in this case for $15,131.94 in relation to 294 Sunset Park Drive, Unit 12, Herndon, Virginia 20170.  The Debtor has incurred approximately $3,143.oo in post-petition assessments on the unit as an administrative expense.  The Claim of

Sunset Business Condominium Association, as well as all accrued post-petition assessment and related legal fees, costs and interest will be paid in full upon the refinance of the Debtor's real property; said refinance of the Debtor's real property will occur by December 15, 2024.

This class of claims is unimpaired.

3.4    **General unsecured Claims:**

Portions of the Sunset Business Condominium Association claims are Unsecured.  The unsecured portions of the Sunset Business Condominium Association claims shall be paid in full upon the refinance of the Debtor's real property, which will take place by December 15, 2024.

This class of claims is unimpaired.

**ARTICLE IV**
**ALLOWANCE AND DISALLOWANCE OF CLAIMS**

4.1    **Disputed Claim.**  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection: or (ii) no proof of claim has been filed, and the Debtor has scheduled each such claim as disputed, contingent, or unliquidated.

4.2    **Delay of Distribution on a Disputed Claim.**  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

4.3    **Settlement of Disputed Claims.**  The Debtor will have the power and authority to settle and compromise a disputed claim with the court approval

and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

4.4 **Payment of Claims.** Distributions and deliveries to holders of Allowed Claims shall be made to the address of each such holder as set forth in its allowed proof of claim, or if none, as such holder's address set forth in the schedules prepared and filed with the Court pursuant to F.R.Bankr.P. 1007(b). If any holder's distribution is returned from the address applicable under this section as undeliverable or if a creditor's distribution check is no negotiated such that it clears with 60 days following the mailing of such check, then the Debtor shall be authorized in his sole and absolute discretion to stop payment on such distribution and to make no further distribution with respect to the Allowed Claim giving rise to such distribution. The Debtor shall have the right, but not the obligation, on a case-by-case basis, to extend the time for negotiating distribution checks, to re-issue checks on which payment has been stopped, or to make subsequent distributions to Creditors who do not timely negotiate their distribution checks.

4.5 **Failure to Make Distributions.** The Debtor's failure to make any required distribution to Creditors shall constitute an event of default. The Debtor shall have 30 days after receiving a written notice of a default within which to contest or to cure such alleged default. If the Debtor fails to timely contest or cure such alleged default then the party affected by such default shall be permitted to pursue its remedies under the Code or to enforce its rights under the Plan pursuant to applicable non-bankruptcy law.

## ARTICLE V
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1    **Assumed Executory Contracts and Unexpired Leases:** The Debtor

is a party to one executory contract; the Amphora Bakery is a tenant of GMS

SUNSET, LLC at 294 Sunset Park Drive, Units 11 and 12, Herndon, Virginia

20170.  The Debtor will continue to receive rents from Amphora Bakery.  The

Debtor will assume this contract.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan will be funded by the Debtor through the refinance of Debtor's

real property located at 294 Sunset Park Drive, Units 11 and 12, Herndon,

Virginia 20170.  Said refinance will take place by December 15, 2024.

## ARTICLE V11
## GENERAL PROVISIONS

7.1    **Definitions and Rules of Construction.**  The definitions and rules

of construction set forth in Section 101 and 102 of the Code shall apply when

terms defined or construed in the Code are used in this Plan, and they are

supplemented by the following definitions.  See Article I at the beginning of the

Plan.

7.2    **Effective Date of Plan.**  The effective date of this Plan is the first

business day following the date that is fourteen days after the entry of the order

of confirmation.  If, however a stay of the confirmation order is in effect of that

date, the effective date will be the first business day after the date on which the

stay of the confirmation order expires or is otherwise terminated.

7.3    **Severability.**  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.4    **Binding Effect.**  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.5    **Captions.**  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretations of this Plan.

7.6    **Controlling Effect.**  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.7    Notwithstanding anything in the contrary in the Plan or the Confirmation Order, administrative liabilities to the Internal Revenue Service, if any, shall be paid in the normal course of business, in full with interest pursuant to 26 U.S.C. Section 6621 and 6622 and penalties, if any.  There shall be no requirement that the Internal Revenue Service file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests.  Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26.

# ARTICLE VIII
## EFFECT OF CONFIMATION AND DISCHARGE

8.1     Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in Section 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure.

8.2     Upon entry of the Order of Confirmation, the provisions of the Plan will bind the Debtor and all of his Creditors, whether or not the Claim of such Creditor is impaired under the Plan and whether or not such Creditor has accepted the Plan.

8.3     Upon entry of the Order of Confirmation, the Debtor shall be vested with all of the Debtor's property subject to the terms of the Plan or the Order of Confirmation.

8.4     Except as otherwise expressly provided in the Plan or the Order of Confirmation, the confirmation of the Plan vests all of the property of the Estate in the Debtor free and clear of all Claims, lens, and interest of Creditors.

GMS SUNSET, LLC
By Counsel
/s/ Nathan Fisher
Nathan Fisher
Fisher-Sandler, LLC
3977 Chain Bridge Rd., #2
Fairfax, VA  22030
VSB #37161
(703) 691-1642