**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

-----------------------------------------------------------X
In re:                                            :        Chapter 11
                                                  :
GMS Sunset LLC                                    :        No. 25-11181-BFK
                                                  :
Debtor.                                           :
                                                  :
-----------------------------------------------------------X

**APPLICATION BY COUNSEL FOR DEBTOR FOR FINAL COMPENSATION**

Daniel M. Press and Chung & Press, P.C., attorneys for the Debtor herein, apply to the Court for an Order for allowance of attorneys' fees for professional services rendered to the Debtor and for reimbursement for actual and necessary costs incurred from the petition date, June 11, 2025, through the date hereof[1], pursuant to §§ 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the total amount of Six Thousand Seven Hundred Fifty Dollars ($6750) and in support thereof, states as follows:

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within the meaning of 28 U.S.C. § 157.

2. 1. On June 11, 2025, this case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States

---

[1] The Court granted the U.S. Trustee's Motion to Convert this case to Chapter 7 at a hearing on September 30, 2025, but the Order has yet to be entered. This Application is for final compensation, with the assumption that the Order of Conversion will be entered soon, with no material additional work required prior to entry of such an order.

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). An Application for Order Authorizing the Employment of Chung & Press, P.C. As Counsel for the Debtor and Debtor-In-Possession was filed that same day and was subsequently granted.

3. As set forth in the Application for Appointment, the undersigned law firm, Chung & Press, P.C., was retained on an hourly basis at a rate of $495 per hour for Daniel M. Press, plus actual costs, to be paid upon court approval. The Debtor paid a fee and cost advance of $15,000 of which $1980 was applied to prepetition fees and $1738 for the filing fee, leaving $11,282 in trust for application to fees and costs as approved.

4. The only lawyer who billed time on this matter, as shown on the attached statement, is Daniel M. Press (DMP). The rates charged are below those charged by comparably skilled practitioners in cases other than cases under Title 11.

5. This is an application for compensation for the period from the petition date, June 11, 2025, through the date hereof, October 8, 2025. It is the first and final application filed by Debtor's counsel in this case.

6. A detailed statement of the actual, necessary services rendered, time expended, and expenses incurred is attached hereto. The total time as billed on the attached statements is 14.6 hours, which, at the aforementioned hourly rate comes to $7177.50. Mileage, faxes, parking, in-house copies in-house postage and like expenses were not charged. Counsel is voluntarily reducing the requested fee to $6750, a discount of $427.50.

7. No payments have heretofore been made or promised, other than as described for prepetition services and the filing fee. No compensation has been or will be shared, and no agreement for sharing of compensation with regard to this case exists.

8. For the period covered by this application, Chung & Press performed services as follows:

(A) Case Administration: Chung & Press, PC represented the Debtor on issues related to case administration, including, but not limited to preparation and filing of schedules and statements, attendance at the initial debtor interview and 341 meeting, review of Court orders, attempts to obtain Debtor's compliance with US Trustee requirements and requests, and reviewing and advising the Debtor regarding monthly reports and other duties of the DIP; and overall strategy and management of the case.

The total time spent on this category is broken down as follows:

   14.6 hours    $7177.50

TOTAL TIME: 14.6 hours, $7177.50 (reduced to $6750).

Additional time spent was not charged in an exercise of billing discretion. Counsel did not bill at all for many phone calls, texts or emails. Counsel bills proportionately for waiting and travel time when in court for multiple matters, and bills travel time at 50% of the actual time.

10. Consideration of the factors set forth in Section 330(a)(3)(A) of the Code shows that the requested fee is appropriate. The services provided were necessary to the successful administration of the case. There was no duplication of services. A review of the statement shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed. The rate charged ($495/hour) is lower than those charged by most attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters.

11. Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See* e.g., *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D. D.C. 1983), *aff'd. in part rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488 (1985). Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit Court of Appeals adopted these tests in *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978). In *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the *Johnson* factors (a) and (e) as set forth below, and then adjust the fee on the basis of the remaining *Johnson* factors. The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill requisite to perform the legal service properly;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

4

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-19; *Barber* 577 F.2d at 226 n.28; *Anderson*, 658 F.2d at 248 n.2.

    12.    Chung & Press, P.C. submits the following lodestar analysis in support of its request for allowance of fees and disbursements:

    (a)    The time and labor required. The amount of time required to represent the Debtor in this case is reflected in the attached statement, and is certainly reasonable given the circumstances of the case.

    (b)    Novelty and difficulty of the questions. This Chapter 11 Single Asset Real Estate case ultimately presented no significant novel and/or difficult legal issues, but counsel was prepared to address some such issues had they arisen.

    (c)    The skill requisite to perform the legal service properly. Because of the experience of Debtor's counsel in handling matters of this nature, counsel exercised the skill requisite to perform these services properly.

    (d)    The preclusion of other employment by the firm due to acceptance of this case. This case has not conflicted Debtor's counsel out of other matters, but any case takes up a portion of the limited time available to

counsel, diverting counsel's attention from other matters in which they otherwise might have been involved to devote themselves to the competent representation of the Debtor.

(e) The customary fee for similar work. Chung & Press submits that the fees sought herein are warranted, and are generally less than competitor fees in the local legal market for attorneys with comparable skill and experience with comparable practices.

(f) Whether the fee is fixed or contingent. The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by a Debtor are subject to approval of this Court, and thus are, to an extent, contingent.

(g) Time limitations imposed by the client or circumstances. Debtor contacted the firm the day before a scheduled foreclosure, so counsel had to file the case under unusual time constraints.

(h) The amounts involved and the results obtained. This case involved a SARE entity with a very small secured loan and thus significant equity. Had the Debtor fulfilled its obligations, counsel has no doubt that the case would have had a successful outcome for all, but despite counsel's efforts, Debtor did not meet its obligations and the case was ordered converted.

(i) Experience, reputation and ability of the attorneys. Daniel M. Press has previously represented debtors, secured and unsecured creditors, bidders, trustees, and other interested parties in all aspects of

bankruptcy and commercial litigation proceedings. Mr. Press has practiced bankruptcy law for over 35 years. He is an experienced bankruptcy practitioner. Mr. Press' experience, reputation and ability have been recognized by his election to the Boards of the National Association of Consumer Bankruptcy Attorneys ("NACBA") and the Northern Virginia Bankruptcy Bar Association ("NVBBA"), as well as the Council of the Consumer Bankruptcy Section of the Maryland State Bar Association ("MSBA"). He has also served as the Education Director of the Consumer Committee of the American Bankruptcy Institute, and has been invited to speak and teach continuing legal education programs on bankruptcy topics, and in particular on Chapter 11 and Subchapter V for small businesses and individual debtors, for the MSBA, MICPEL, NVBBA, the Bankruptcy Bar Association for the District of Maryland ("BBA"), NACBA, the Virginia Bar Association, the North Carolina Bar, Virginia CLE, and Minnesota CLE. He and his colleague, Brett Weiss, are the authors of Chapter 11 for Individual Debtors, a Collier Monograph, published by Collier/Lexis-Nexis, and articles in publications such as the ABI Journal, and teach "Boot Camps" on individual and small business Chapter 11 cases. Mr. Press' reputation is well established in the Baltimore/Washington metropolitan area and nationwide as an effective practitioner.

(j) The "undesirability" of the case. This case was undesirable in that it was an emergency filing, and was the Debtor's second case in a short

7

time frame, with a Debtor representative whose health issues made prosecution of the case difficult and ultimately impossible.

(k) The nature and length of the firm's professional relationship with the client. Chung & Press was retained by the Debtor shortly before entering its appearance. It had no prior relationship with the Debtor.

(l) Awards made in similar cases. Chung & Press submits that its request for compensation is well within, if not below, the usual and customary awards granted in similar cases.

13. Detailed daily time records setting forth the tasks performed and the time spent thereon are attached hereto.

14. The affidavit of Daniel M. Press in support of this application is attached hereto.

WHEREFORE, Chung & Press, P.C. prays for the entry of an Order approving final compensation as a Chapter 11 administrative expense in the amount of Six Thousand Seven Hundred FiftyDollars ($6750), to be paid from the fee advance, with the balance of the fee advance to be turned over to the Chapter 7 Trustee.

Dated: October 8, 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

8

DECLARATION UNDER PENALTY OF PERJURY

I, Daniel M. Press, a member of the bar of this Court, declare under penalty of perjury that the statements in the foregoing Application and attached statements of services rendered are true and correct, and that the items listed on the attached statements were services actually and necessarily rendered and expenses actually and necessarily incurred. No understanding or agreement exists between this law firm and any other person for a sharing of compensation received or to be received in connection with this case. No previous application for the relief requested herein has been submitted to this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of October, 2025.

    /s/ Daniel M. Press_____
Daniel M. Press

**CERTIFICATE OF SERVICE**

This is to certify that on this 8th day of October, 2025, I caused the foregoing document to be served by CM/ECF on the Debtor, the US Trustee and all persons requesting notice by CM/ECF.

    /s/ Daniel M. Press_____
Daniel M. Press

9

# CHUNG PRESS, P.C.

6718 Whittier Avenue Suite 200
McLean, VA 22101
Phone: 703-734-3800

## INVOICE

Invoice # 5624
Date: 10/08/2025
Due Upon Receipt

## GMS Sunset LLC

### Chapter 11 Bankruptcy

| Type | Total | Rate | Timekeeper | Notes | Date | Quantity |
|---|---|---|---|---|---|---|
| Service | $99.00 | $495.00 | DMP | Finalize, file and arrange for service of application to employ. | 06/11/2025 | 0.20 |
| Service | $99.00 | $495.00 | DMP | Review UST guidelines, IDI scheduling; forward to client. | 06/11/2025 | 0.20 |
| Service | $49.50 | $495.00 | DMP | Review 341 notice. | 06/12/2025 | 0.10 |
| Service | $99.00 | $495.00 | DMP | Review VA Tax proof of claim | 06/13/2025 | 0.20 |
| Service | $198.00 | $495.00 | DMP | Email to client re documents and info needed for schedules, IDI, and details of IDI, 341, next steps. | 06/15/2025 | 0.40 |
| Service | $346.50 | $495.00 | DMP | Review IRS proof of claim; email and telecon w/ client re same; review objection from prior case and prepare and file objection. | 06/20/2025 | 0.70 |
| Service | $49.50 | $495.00 | DMP | Remind client re needed documents and information | 06/22/2025 | 0.10 |
| Service | $99.00 | $495.00 | DMP | Discuss needed documents with client. | 06/23/2025 | 0.20 |
| Service | $99.00 | $495.00 | DMP | Discussion with client re medical issue, schedules extension, needed documents, IDI | 06/24/2025 | 0.20 |
| Service | $544.50 | $495.00 | DMP | Prepare for and attend Initial Debtor Interview; email and telecon w/ client re missing documents/information. | 06/25/2025 | 1.10 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | $148.50 | $495.00 | DMP | Prepare/file/arrange for service of motion to extend time to file schedules. | 06/25/2025 | 0.30 |
| Service | $99.00 | $495.00 | DMP | Review correspondence from VA Tax; email client re same. | 07/01/2025 | 0.20 |
| Service | $49.50 | $495.00 | DMP | Email client re info needed for schedules | 07/07/2025 | 0.10 |
| Service | $49.50 | $495.00 | DMP | Remind client re docs/info needed for schedulesx | 07/08/2025 | 0.10 |
| Service | $990.00 | $495.00 | DMP | Review documents and emails from client, telecon with client and prepare/review/file schedules. | 07/10/2025 | 2.00 |
| Service | $198.00 | $495.00 | DMP | Email correspondence with client, UST, re documents; review and forward documents to UST | 07/11/2025 | 0.40 |
| Service | $99.00 | $495.00 | DMP | Email correspondence with client, UST, re documents. | 07/14/2025 | 0.20 |
| Service | $49.50 | $495.00 | DMP | Remind client re documents needed | 07/15/2025 | 0.10 |
| Service | $99.00 | $495.00 | DMP | Email correspondence with UST, client, re insurance. | 07/16/2025 | 0.20 |
| Service | $148.50 | $495.00 | DMP | Prepare for/attend/continue 341 meeting | 07/17/2025 | 0.30 |
| Service | $99.00 | $495.00 | DMP | Email correspondence w/ Dubose, client, re cash collateral | 07/17/2025 | 0.20 |
| Service | $148.50 | $495.00 | DMP | Review IRS response to claim objection; email client re same. | 07/21/2025 | 0.30 |
| Service | $49.50 | $495.00 | DMP | Email client re MOR | 07/21/2025 | 0.10 |
| Service | $49.50 | $495.00 | DMP | Email correspondence with Dubose, client, re cash collateral | 07/30/2025 | 0.10 |
| Service | $99.00 | $495.00 | DMP | Email correspondence with client re DIP account | 08/07/2025 | 0.20 |
| Service | $346.50 | $495.00 | DMP | Prepare for and attend 341 meeting | 08/07/2025 | 0.70 |
| Service | $148.50 | $495.00 | DMP | Review motion to convert or dismiss; forward to client. | 09/05/2025 | 0.30 |
| Service | $148.50 | $495.00 | DMP | Calculate and advise client re SARE payment. | 09/08/2025 | 0.30 |
| Service | $49.50 | $495.00 | DMP | Texts with client re SARE payment | 09/09/2025 | 0.10 |
| Service | $49.50 | $495.00 | DMP | Discuss SARE payment with client. | 09/16/2025 | 0.10 |
| Service | $99.00 | $495.00 | DMP | Email and text client re MORs | 09/21/2025 | 0.20 |
| Service | $198.00 | $495.00 | DMP | Review Motion to Dismiss or Convert filed by lender; email client re same. | 09/22/2025 | 0.40 |
| Service | $198.00 | $495.00 | DMP | Texts and call with client re reports, motion to dismiss/convert, client rep's | 09/25/2025 | 0.40 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | health issues | | |
| Service | $198.00 | $495.00 | DMP | Prepare/file response to Motion to Dismiss or Convert filed by UST | 09/26/2025 | 0.40 |
| Service | $148.50 | $495.00 | DMP | Email correspondence and telecon re continuing/combining hearings on motions to convert/dismiss. | 09/26/2025 | 0.30 |
| Service | $198.00 | $495.00 | DMP | Review MORs prepared by client, email, text and call client re problems/corrections. | 09/26/2025 | 0.40 |
| Service | $247.50 | $495.00 | DMP | Review revised reports and bank statements; call, text and email client re deficiencies, re hearing on motion to dismiss. | 09/29/2025 | 0.50 |
| Service | $742.50 | $495.00 | DMP | Prepare for, travel to/from (1.0, billed 0.5), and attend hearing on motion to convert/dismiss. Advise client re result. | 09/30/2025 | 1.50 |
| Service | $99.00 | $495.00 | DMP | Prepare and request UST endorsement on application to employ. | 10/01/2025 | 0.20 |
| Service | $49.50 | $495.00 | DMP | Email Freeman re employment order; upload same. | 10/03/2025 | 0.10 |
| Service | $198.00 | $495.00 | DMP | Prepare application for compensation. | 10/08/2025 | 0.40 |
| **Non-billable entries** | | | | | | |
| Service | —— | —— | DMP | Notify foreclosing lender of bankruptcy filing. | 06/11/2025 | —— |

| | |
|---|---|
| **Subtotal** | **$7,177.50** |
| **Total** | **$7,177.50** |

Reduced to $6750.00

## General Trust Account

| Date | Type | Notes | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| 06/11/2025 | Wire | Retainer | 1 | | $15,000.00 | $15,000.00 |
| 06/11/2025 | | | 1 | $3,718.00 | | $11,282.00 |