UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re:<br><br>**GMS Sunset LLC**<br>         Debtor. | Case No. 25-11181-BFK<br><br>Chapter 7 |

**ORDER APPROVING TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**
**(**294 & 276 Sunset Park Drive, Herndon, VA 20170**)**

THIS MATTER came on before the Court upon the *Trustee's Motion To Sell Real Property Free and Clear of All Liens, Claims, Encumbrances, and Interests (294 & 276 Sunset Park Drive, Herndon, VA 20170)* (ECF No. 56) (the "**Motion**")[1] filed by counsel for Lauren Friend McKelvey, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of GMS Sunset LLC (the "**Debtor**"), in the above-referenced Chapter 7 case, pursuant to §§ 363(b) and (f) of the Bankruptcy Code,[2] Bankruptcy Rules 2002(a)(2), 2002(c), 6004, and 9014, and Local Rules 6004-1 and 6004-2, seeking an Order authorizing the sale of a certain parcel of improved real property, more particularly described below, free and clear of any and all liens, claims, encumbrances, and interests, with all valid liens, claims, encumbrances and interests attaching to the proceeds of sale.

**IT APPEARING TO THE COURT** that:

---

[1] Terms not otherwise defined herein shall have the meanings ascribed them in the Motion.
[2] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

Lauren Friend McKelvey (VSB No. 78813)
David N. Tabakin (VSB No. 82709)
Reitler Kalais & Rosenblatt, LLP
11921 Freedom Drive, Suite 550
Reston, Virginia 20190
Main: 212-209-3050 | Fax: 212-371-5500
Email:     LMcKelvey@reitlerlaw.com
              DTabakin@reitlerlaw.com

*Counsel for the Chapter 7 Trustee*

A) The Debtor owned improved real property located at 294 & 276 Sunset Park Drive, Herndon, Virginia 20170, Tax Map No. 0173 09 0012 having a legal description:

> Units 11 and 12, Sunset Business Condominium, according to a Declaration recorded in Deed Book 5876, page 13, among the land records of Fairfax County, Virginia, and by Amendment to Declaration recorded in Deed Book 14736, page 108, together with an undivided interest in the Condominium Common Elements as defined in the Declaration and the Virginia Condominium Act.
>
> LESS AND EXCEPT from the common area thereof 1,582 square feet, more or less, conveyed to the Commonwealth of Virginia recorded in Deed Book 7615, at Page 783, among the land records of said County.

(the "**Property**"). The Property is two business condominiums.

B) The Property is encumbered by the following liens of record:

> i. A first position consensual lien evidenced by a *Deed of Trust* dated September 8, 2004, and recorded September 10, 2004, in Deed Book 16490, at Page 1808, Assignment of Deed of Trust recorded in Deed Book 16490 at Page 1817; Assignment of Leases and Rents recorded in Deed Book 16490 at Page 1820, Assignment of Documents recorded in Deed Book 25962 at Page 0100; Third Party Lender Agreement recorded in Deed Book 16490 at Page 1830; Deed of Appointment of Substitute Trustee recorded in Deed Book 25981 at Page 0532, (the "**Deed of Trust**") among the Fairfax County Land Records, to the order of Virginia Asset Financing Corporation, now known as Business Finance Group ("**Business Finance**"), in the original principal amount of $469,000, securing a *Note* dated October 13, 2004, as assigned from Business Finance to the U.S. Small Business Administration and then back to Business Finance. Pursuant to proof of claim 3, approximately $231,151.09 is due to Business Finance on the

2

        Deet of Trust and Business Finance shall provide an updated payoff at the time of a closing on the sale of the Property.

ii.    Two judgment liens filed by the Sunset Business Condominium Association (the "**SBCA**") as follows: (i) Case No. GV22009036-00 entered November 17, 2022 in the amount of $7,497.00 with interest at 6% from the date of judgment, and attorney's fees of $1,119.00, recorded on January 4, 2023, as judgment number 649923, Book 00293 Page 2098; and (ii) Case No. GV22009037-00 also entered November 17, 2022 in the amount of $7,633.00 with interest at 6% from the date of judgment, and attorney's fees of $1,119.00, recorded on January 4, 2023, as judgment number 649922, Book 00293 Page 2097 (collectively, the "**Condo Judgments**");

iii.    A judgment lien dated May 8, 2019, and recorded October 16, 2019, as Judgment Number 618221 in Book 00269 at Page 0858 in the Fairfax General District Court against the Debtor and in favor of the Town of Herndon ("**Herndon**") in the amount of $3,163.87, plus costs and 6% interest (the "**Herndon Judgment**"); and,

iv.    Three Memorandum of Condominium Liens dated: (i) May 17, 2021, in the amount of $4,041, recorded at Book 27157 Page 0644 on June 8, 2021; and (ii) June 2, 2022, in the amount of $1,347, recorded at Book 27677 Page 1115 (collectively, the "**Condo Liens**"), and the *Release of Memorandum of Condominium Lien* recorded in Deed Book 27677 at Page 1146, on June 7, 2022 (*Sunset Business Condominium Association v. GMS Sunset LLC*), in the amount

3

of $1,323.00 plus penalty, interest, and fees. Pursuant to amended proofs of claim 4 and 5 (which encompass the Condo Liens, Condo Judgments, and ongoing condo dues), the SBCA is due approximately $16,584.61 on a secured basis, and $29,537.00 as a general unsecured claim. The proofs of claim cover the period through October 2025, and following discussion with the SBCA, the amount of combined monthly assessments for the Property is $882.00, and therefore the SBCA is due an estimated additional $3,528.00 for the months between October 2025 and the estimated closing date, plus any applicable legal fees or late fees,

C) The Trustee entered into a *Commercial Purchase Agreement* (the "**Sales Contract**") dated December 17, 2025, and ratified on December 22, 2025, whereby she has agreed to sell the Property to OME West LLC and or its assigns ("**Purchaser**") for the total purchase price of $1,370,000 (the "**Purchase Price**"). RL Title & Escrow, the Escrow and Closing agent, is holding an earnest money deposit of $50,000 from the Purchaser. The Purchaser is represented by Papadopoulos Properties ("**Buyer's Agent**"). The Sales Contract is subject to Bankruptcy Court approval. The Property is being sold in "as-is, where-is" condition and is subject to higher and better offers.

D) The sale of the Property to the Purchaser will produce net proceeds that are sufficient to pay all valid claims in full.

E) The proposed sale is a sound and proper exercise of the Trustee's business judgment, the terms of the *Sales Contract* were negotiated at arm's length and in good faith, and as such, the Purchaser is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m).

F) Good cause exists pursuant to 11 U.S.C. § 363(f)(2) and (f)(4) to authorize the sale of the Property free and clear of all liens, claims, encumbrances, and interests, with all valid liens, claims, encumbrances, and interests attaching to the proceeds of sale because (i) Business Finance Group, Inc. is deemed to have consented to a sale of the Property free and clear of the lien of the Deed of Trust because it will be paid in full from the proceeds of sale based upon the priority of its lien; and (ii) there were no objections or other pleadings filed in opposition to the Motion.

G) Notice of the Motion has been properly and sufficiently provided to all parties in this case, as required by the Federal Rules of Bankruptcy Procedure, and that the Motion has been properly served on all known lienholders in this case.

In light of the same, it is **ADJUDGE**, **ORDERED**, and **DECREED** that:

1) The Motion is **GRANTED** as set forth herein.

2) The terms and conditions of the Sales Contract are approved in all respects.

3) The Trustee is authorized to sell the Property to the Purchaser, free and clear of all liens, claims, encumbrances, and interests, with all valid liens, claims, encumbrances, and interests attaching to the proceeds of sale in the same validity and order of priority.

4) The Trustee is authorized to take any and all actions reasonably calculated to consummate the sale of the Property to the Purchaser, including but not limited to the execution and delivery of a special warranty deed.

5) At closing on the sale of the Property, the settlement agent is authorized to disburse the proceeds of sale to pay (i) all unpaid real estate taxes and homeowners' association fees; (ii) all costs of sale, including a brokerage fee of up to five and one-half percent (5.5%) of the Purchase Price, with up to three percent (3.0%) paid to the Trustee's broker, CENTURY 21 Commercial

5

New Millennium, and two and one-half percent (2.5%) paid to Purchaser's real estate agent, Papadopoulos Properties; (iii) the RealMarkets Payment to RealMarkets for $130.00 for pre-listing title searches; (iv) all valid secured claims; and (v) all remaining funds to the Trustee, where they will be held on behalf of the Estate subject to further Order of the Bankruptcy Court.

6) Backup Bid. Following the filing of the *Response of Debtor and Equity Holders to Motion to Sell* (ECF No. 60), Mark Bredesen and/or an entity of his control shall be the designated backup bidder in the event that the Purchaser is unable to close on the Sales Contract on the Closing Date as defined in the Sales Contract ("Closing Date") if by 5 p.m. ET on February 27, 2026: i) Mr. Bredesen or an entity under his control provides a written Commercial Purchase Agreement to the Trustee for 294 Sunset Park Drive, Herndon, VA 20170 on the same general terms and conditions (excluding the purchase price) as that provided by the Purchaser with a closing date that is 20 days' after the Closing Date; and ii) Mr. Bredesen or an entity under his control provides a 20 percent earnest money deposit to the Trustee in connection with the written Commercial Purchase Agreement.

Dated: Feb 26 2026

/s/ Brian F Kenney
Brian F. Kenney
Chief Judge, United States Bankruptcy Court

Entered On Docket: Feb 26 2026

We ask for this:

/s/ *David N. Tabakin*
David N. Tabakin (VSB No. 82709)
Reitler Kalais & Rosenblatt, LLP
11921 Freedom Drive, Suite 550
Reston, Virginia 20190
Main: 212-209-3050 | Fax: 212-371-5500
Email: DTabakin@reitlerlaw.com
    *Counsel for the Chapter 7 Trustee*

Seen:

/s/ *Richard A. DuBose*(permission to affix signature received via email dated 02/25/2026)
Richard A. DuBose
Virginia Bar No.: 91705
Gebhardt and Smith, LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel: (410) 385 – 5039
E-Mail: rdubo@gebsmith.com
    *Counsel to Business Finance Group*

Seen and Objected to for the reasons stated at the hearing:

/s/ *Daniel M. Press*    (permission to affix signature received via email dated 02/25/2026)
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
    *Counsel for Debtor*

## **Local Rule 9022-1(C) Certification**

    The foregoing Order was endorsed and/or served upon all necessary parties pursuant to Local Bankruptcy Rule 9022-1(C).

                            /s/ *David N. Tabakin*

                                  David N. Tabakin

Copies to: recipients of electronic notice