**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 25-11181-BFK** |
| **GMS Sunset LLC,** | ) | **Chapter 7** |
| **Debtor.** | ) | |

**MOTION FOR ENTRY OF CONSENT ORDER DIRECTING THAT CERTAIN SURPLUS FUNDS BE DISBURSED TO THE CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF STEVE GEORGE BILIDAS**

H. Jason Gold ("Gold" or the "Bilidas Trustee"), the duly appointed Chapter 7 trustee for Steve George Bilidas ("Bilidas") in that certain case styled *In re Steve George Bilidas*, Chapter 7 Case No. 26-11518-KHK (the "Bilidas Case"), by and through the undersigned counsel, respectfully files his *Motion* seeking entry of the attached *Consent Order* directing that Lauren Friend McKelvey ("McKelvey" or the "GMS Trustee"), the duly appointed Chapter 7 trustee for GMS Sunset, LLC ("GMS"), the debtor herein, disburse to the Bilidas Trustee an appropriate portion of any surplus funds remaining after full payment of all creditors herein, and in support thereof states as follows:

1. On June 11, 2025 (the "GMS Petition Date"), GMS, a Virginia limited liability company, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. By *Order* entered October 15, 2025 (Docket No. 36), the instant case was converted to a case under Chapter 7. McKelvey was appointed as Chapter 7 trustee on the same date and continues to serve since the meeting of creditors conducted on November 20, 2020.

2. On June 24, 2026 (the "Bilidas Petition Date"), Bilidas, acting *pro se*, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, thereby commencing the

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

Bilidas Case in the above-captioned Court. By *Order* entered August 4, 2026 (Docket No. 15), the Bilidas Case was converted to a case under Chapter 7. Gold was appointed as Chapter 7 trustee the same day and continues to serve since the meeting of creditors conducted on September 9, 2026.

3. On the Bilidas Petition Date, Bilidas was the owner of a one-third membership interest in GMS (the "Bilidas Membership Interest"). Maria Cholakis and George Cholakis are the other membership interest holders in GMS, each also holding a one-third membership interest. The Bilidas Membership Interest constitutes property of the bankruptcy estate in the Bilidas Case pursuant to section 541(a)(1) of the Bankruptcy Code. As such, all of Bilidas' right, title and interest in the Bilidas Membership Interest is vested in the Bilidas Trustee.

4. On the GMS Petition Date, GMS was the record owner of improved commercial real property located at 294 and 276 Sunset Park Drive, Herdon, VA 20170 (the "GMS Property"). The GMS Property was improved by two commercial condominium units.

5. On January 28, 2026, the GMS Trustee filed herein a *Motion* (Docket No. 56), seeking authority to sell the GMS Property, free and clear of all liens, claims, encumbrances and interests, to OME West LLC or its assigns ("Purchaser") for the price of $1,370,000. By *Order* entered herein on February 26, 2026 (Docket No. 63), the Court approved the proposed sale of the GMS Property to the Purchaser. The GMS Trustee closed on the sale of the GMS Property to the Purchaser on March 18, 2026. The sale produced net proceeds of $985,720.51 (the "GMS Net Proceeds"), after payment of all unpaid real estate taxes, all costs of sale, and all valid liens. *See Report of Sale* (Docket No. 64) (the "GMS Report of Sale"). The GMS Trustee is presently holding the GMS Net Proceeds subject to further order of the Court in the instant case.

6. The last day to file claims in the instant case expired on February 26, 2026. A

review of the Claims Register maintained herein by the Clerk of the Court indicates that there are six proofs of claim on file asserting aggregate claims of approximately $398,125.44 ("Claims Register Balance"). However, three of the proofs of claim were filed by lienholders (consisting of Business Finance Group LLC, and the Sunset Business Condominium Association) who received payments in the aggregate amount of just over $232,000 out of the gross proceeds generated from the sale of the GMS Property. *See GMS Report of Sale*. As such, it appears that the aggregate balance of claims may be well below the Claims Register Balance. It is therefore highly likely that there will be a material and substantial amount of surplus funds remaining in this case after payment of all allowed claims.

7. Under ordinary circumstances, any portion of the GMS Net Proceeds remaining in this case after payment of all allowed administrative expenses and all allowed priority and general unsecured claims (hereafter, the "Surplus Funds") would be upstreamed and paid to the individual holders of the membership interest in GMS in accordance with their ownership percentages. As such, Bilidas—as a one-third co-owner of GMS—would be entitled to receive one-third of any Surplus Funds. However, because Bilidas filed the Bilidas Case and any Surplus Funds payable to Bilidas are property of the bankruptcy estate in the Bilidas Case (at least to the extent of Bilidas' one-third membership interest in GMS), any such Surplus Funds would be payable to the Bilidas Trustee for distribution to creditors in the Bilidas Case.

8. The Bilidas Trustee and the GMS Trustee have now reached an agreement, as evidenced by the endorsement of their respective counsel to the proposed *Consent Order* submitted with this *Motion*, which provides that any Surplus Funds that would be payable to Bilidas in connection with the Bilidas Membership Interest will be disbursed and paid directly to the Bilidas Trustee.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter the attached proposed Consent Order directing that any Surplus Proceeds that would be payable to Bilidas in connection with the Bilidas Membership Interest shall be disbursed and paid to the Bilidas Trustee, and provide such other and further relief as the Court deems just and proper.

Dated: November 18, 2026

Respectfully submitted,
/s/Robert M. Marino

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of November, 2026, a true copy of the foregoing *Response* was served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by first class mail, postage prepaid, or email (as indicated) to the following persons:

Steve George Bilidas
1151 Elden St
Herndon, VA 20170

Michael T. Freeman, Assistant United States Trustee
Office of the United States Trustee
Email: Michael.T.Freeman@usdoj.gov

Lauren Friend McKelvey, Trustee
Spencer Fane LLP
Email: lmckelvey@spencerfane.com

/s/ Robert M. Marino
Robert M. Marino